(No. 33949.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM K. ALTMAN *et al.*—(ALLAN SLATIN, Intervenor, Appellant, *vs.* ANNE C. ROWAN, Appellee.)

*Opinion filed September 25, 1956.*

GEORGE H. MORTON, of Lombard, for appellant.

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON B. NASH, VINCENT P. FLOOD, CHARLES D. SNEWIND, WILLIAM S. WHITE, and FRANCIS X. RILEY, of counsel,) for appellee the People of the State of Illinois, and MARSHALL S. HOWARD, of Chicago, (OWEN N. PRICE, of counsel,) for appellee Anne C. Rowan.

Mr. Justice Schaefer delivered the opinion of the court:

The issue here is the timeliness of an attempted redemption from a tax foreclosure sale. Anne C. Rowan was the purchaser at the sale held pursuant to the foreclosure decree. The period of redemption expired August 31, 1954. On September 1, 1954, the court entered a supplemental decree which found that the period of redemption had expired and that the purchaser had complied with all applicable requirements, and directed the county clerk to execute and deliver a deed to the purchaser.

Two days after the entry of this decree, Allan Slatin, the beneficiary of a trust which had recently acquired title to part of the property, deposited with the county clerk $871.22, the amount necessary to redeem from the tax foreclosure sale.

On September 6, 1954, Miss Rowan presented a certified copy of the decree of September 1, and her certificate of purchase to the county clerk, and requested the issuance of a tax deed pursuant to the decree. The county clerk refused to issue a deed because of the redemption by Slatin on September 3.

On March 4, 1955, upon an oral motion of the county clerk, the court entered an *ex parte* order finding that the clerk had erroneously accepted Slatin's deposit for redemption and erroneously showed on his records that a redemption was made by Slatin. The order directed the clerk to expunge the record of Slatin's redemption, to deliver his deed to Miss Rowan as directed by the order of September 1, 1954, and to refund to Slatin his deposit of September 3, 1954. Thereafter the county clerk issued a deed to Miss Rowan.

On March 30, 1955, Slatin filed a petition to vacate the order of March 4, 1955. Answers were filed by the county clerk and by Miss Rowan, and after a hearing upon the validity of Slatin's redemption, the court, on December

6, 1955, denied the petition. Slatin appeals. A freehold is involved. *People* v. *Hess,* 7 Ill.2d 192.

No question is raised as to the validity of the foreclosure proceedings or the propriety of the supplemental decree which directed the county clerk to issue a deed to Miss Rowan. Slatin bases his right to redeem in spite of the supplemental decree upon the following language in section 253 of the Revenue Act of 1939: "Such real property may also be redeemed after the expiration of two years from the date of sale, at any time up to the date a tax deed is issued, * * *." Ill. Rev. Stat. 1953, chap. 120, par. 734.

The language quoted appears to govern the present case, for there was here a redemption from a tax sale, and the redemption was made before the deed was issued. While the matter is not entirely free from doubt, we think that a different conclusion follows when the applicability of the full text of the provision to a proceeding of this kind is considered. The full sentence relied upon is as follows: "Such real property may also be redeemed after the expiration of two years from the date of sale, at any time up to the date a tax deed is issued, by payment in legal money of the United States to the said county clerk, of the amount for which the said property was sold, the penalties provided herein for the two years after sale, together with interest thereafter at six per cent per annum on the face amount of such tax sales, and subsequent taxes and special assessments paid by the purchaser, as herein provided, advertising fees and five dollars costs." Ill. Rev. Stat. 1953, chap. 120, par. 734.

This language was drafted with redemptions from annual tax sales primarily in mind. Those sales take place after judgment is entered by the county court upon the county collector's annual application for judgment of sale for delinquent taxes. The purchaser at such a sale pays in full the taxes for which the property is sold. Bidding

at such sales is on the basis of the penalty bid made by the purchaser, the successful bidder being the one "offering to pay the amount due on each tract or lot for the least percentage thereon as penalty." (Ill. Rev. Stat. 1953, chap. 120, par. 726.) The "penalties provided herein for the two years after sale" refer to the preceding provision of section 253 that redemption from such sales is to be made by payment of "the amount for which the same was sold, together with the amount of the penalty bid at such sale, if redeemed at any time before the expiration of six months from the day of sale; if between six and twelve months, the amount for which the same was sold, together with twice the amount of the penalty bid; if between twelve and eighteen months, the amount for which the same was sold, together with three times the amount of the penalty bid; if between eighteen months and two years, the amount for which the same was sold, together with four times the amount of the penalty bid at said sale."

A proceeding like the present action in equity to foreclose the lien of taxes is authorized after property has been forfeited for two or more years for want of bidders at the annual tax sale. It is governed by section 216 of the Revenue Act of 1939. (Ill. Rev. Stat. 1953, chap. 120, par. 697.) It may be instituted in any court of competent jurisdiction and it culminates in a decree directing the sale of the property to the highest bidder. The proceeds of the sale are applied in satisfaction of the delinquent taxes, and the lien of the taxes is eliminated whether or not the proceeds of the sale are sufficient to satisfy the lien in full. (*French* v. *Toman*, 375 Ill. 389.) While the "penalties provided" in section 253 "for the two years after sale" have always been applicable to annual tax sales, those penalties had no significance in tax foreclosure sales until 1953, when the method of penalty bids, with a uniform penalty bid assumed, was incorporated by reference into section 216 to govern the method of redemption in tax foreclosure pro-

ceedings thereafter instituted. *People* v. *Lewis,* 5 Ill.2d 117.

In both proceedings the facts that determine the substantive rights of the parties after a sale are the expiration of the period of redemption and the giving of the notices required by statute. The issuance of a deed automatically follows an authoritative determination that these events have occurred. When the provision in question came into law in 1933, (Laws of 1933, p. 923,) the statutes contemplated that as to deeds issued by the county clerk as the end result of a sale at the annual tax sale, the determination of these facts should be made administratively by the county clerk. With respect to tax foreclosure proceedings, the existence of these facts has always been judicially determined by the court and embodied in a supplemental decree. *Clark* v. *Zaleski,* 253 Ill. 63.

In the case of a deed following an annual tax sale, the administrative finding of compliance with statutory requirements and the issuance of the deed were simultaneous. But when the finding of compliance with the statutory requirements is judicially made, some interval of time must elapse between the judicial determination and the administrative action in compliance with that determination. In our opinion the General Assembly did not, by the provision relied upon, intend to emphasize the mechanical act of issuance of the deed and to minimize the significance of the determination upon which the rights of the parties turn. It did not intend that the effectiveness of the judicial determination should depend on the alacrity with which the administrative officer does what the judgment requires him to do. We hold, therefore, that the statute means that there may be redemption after the expiration of two years from the date of sale and until the determination of compliance with the statutory requirements has been made.

Our conclusion is not altered by the fact that in 1951 section 266 of the Revenue Act was amended to assimilate the procedure with respect to the issuance of deeds fol-

lowing annual tax sales to that used in tax foreclosure sales by requiring that the right to the issuance of a deed be determined by the county court instead of by the county clerk. (Laws of 1951, p. 943; Ill. Rev. Stat. 1955, chap. 120, par. 747.) The procedure thus fixed by statute is in substance that which had previously been used in tax foreclosure sales. (*Clark* v. *Zaleski,* 253 Ill. 63.) Nor is a contrary conclusion supported by the provision of the present statute strongly urged upon us by appellant, that the court "shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of said order, to issue to the purchaser or his assignee a tax deed." (Ill. Rev. Stat. 1955, chap. 120, par. 747.) This language deals with the mechanics of carrying out the order of the court which has found that the period of redemption has expired and that the purchaser is entitled to a deed. We do not read it as designed to make the rights of the parties, which have been judicially determined, depend on the outcome of a race to the clerk's office.

The order of March 4, 1954, which directed that the record of Slatin's redemption be expunged, was entered without notice to him. But he was afforded a full opportunity to be heard upon the motion to vacate, and so the error, if any, is now of no significance.

The orders of March 4 and December 6, 1955, of the superior court are affirmed.

*Orders affirmed.*