(No. 34333.—)

JOSEPHINE CHERIN, Appellant, *vs.* THE R. & C. COMPANY, Appellee.

*Opinion filed May 23, 1957.*

David Brandwein, of Chicago, for appellant.

MacLeish, Spray, Price & Underwood, of Chicago, Robert S. Cushman, and John J. O'Brien, of counsel,) for appellee.

Mr. Justice Davis delivered the opinion of the court:

The Interstate Bond Company purchased a number of parcels of real estate, including two parcels under consideration owned by Josephine Cherin and Alvina Cherin, at the county collector's sale of lots and lands returned delinquent for the nonpayment of general taxes for the year 1950. This appeal brings before us the question of the validity of two tax deeds issued pursuant to orders of the county court of Cook County entered on petitions filed by Interstate Bond Company in the application for judgment and order of sale against such real estate, as provided for in the 1951 amendment to section 266 of the Revenue Act of 1939. Ill. Rev. Stat. 1953, chap. 120, par. 747.

On July 27, 1954, Interstate Bond Company filed petitions which prayed for the issuance of tax deeds to various parcels of real estate described therein, including the two parcels in question. These petitions contained allegations of the purchase at the tax sale; that the parcels had not been redeemed; that all subsequent taxes and taxes due as of the date of filing the petition had been paid, and that all taxes falling due before the entry of an order directing the issuance of the tax deeds would be paid; that all notices required by law would be given; that upon compliance with all requirements of law, petitioner would be entitled to the entry of an order directing the county clerk to issue tax deeds; and prayed for the entry of orders directing the county clerk to issue tax deeds, unless redemption was made as provided by law, and for writs of assistance.

Thereafter, on December 20, 1954, Interstate Bond Company filed separate applications for orders directing the county clerk to issue tax deeds conveying to it said parcels of real estate. These applications recited that a petition for issuance of tax deeds had been filed; that the time for redemption had expired and the real estate had not been redeemed; that all taxes and special assessments which fell due subsequent to the sale had been paid; that all notices required by law had been given; and that there had been compliance with all provisions of law relative thereto. On this date, pursuant to said applications, the county court entered separate orders directing the county clerk to issue such tax deeds and that writs of assistance issue to put Interstate Bond Company in possession of the real estate. Each order contained, *inter alia,* the following finding: "That all notices required by law have been given and Petitioner, Interstate Bond Company, has complied with all the provisions of law entitling it to tax deeds to said parcels of real estate." Thereafter, pursuant to order of court, the R. & C. Company, an Illinois corporation, appellee herein, was substituted as grantee in the tax deeds in question in lieu of Interstate Bond Company.

On August 19, 1955, approximately eight months after the order for issuance of tax deeds had been entered, Josephine Cherin and Alvina Cherin, hereinafter called petitioners, filed petitions to vacate and set aside the orders of December 20, 1954, and the tax deeds issued pursuant thereto. Both petitions alleged that the Cherins were the owners of the real estate; that the "affidavit for publication" attached to the application for an order directing the county clerk to issue tax deeds did not comply with the statute because it did not specifically refer to the person or persons in whose name the parcels of real estate were last assessed; that diligent inquiry had not been made to find petititoners, and had such inquiry been made they would have been found at 1234 South Gunderson Avenue in Ber-

wyn, Cook County, Illinois. As to the real estate designated as parcel No. 117, the petitioners also alleged that the "affidavit of publication" attached to the application for tax deed erroneously described said parcel as sub-lot 46 instead of sub-lot 16.

The R. & C. Company, hereinafter called respondent, filed separate answers to the petitions denying the allegations, and affirmatively alleging that the parcels of real estate were at all material times in the possession of tenants; that prior to the issuance of the tax deeds the occupants were tenants of Alvina Cherin and Josephine Cherin, the owners of the real estate; that in apt time each tenant was duly served with a notice which complied in all respects with sections 263 and 266 of the Revenue Act of 1939; and that service of the notices upon such tenants, when the owners could not be found in the county, constituted service upon the owners under section 263. (Ill. Rev. Stat. 1955, chap. 120, pars. 744 and 747.) Respondent further alleged that neither of the Cherins resided on the premises, nor did they reside at the address of Alvina Cherin, the last assessee, as shown on the assessor's records, nor did their names appear in the Chicago telephone directory, and that the persons occupying the property at the address of Alvina Cherin, as shown by the assessment books, had no knowledge of the address of either of the Cherins. The petitioners did not deny these allegations by reply, or otherwise.

After a hearing, the county court of Cook County entered an order denying both petititons. From this order, petitioner Josephine Cherin appeals. The petitioner's theory is that the applications for the issuance of the tax deeds failed to comply with the statutory requirements of section 263 of the Revenue Act in that the affidavits in support of notice for publication did not state that the person in whose name said real estate was last assessed for general taxes, upon diligent inquiry could not be found in the county; that the publication notice as to the real estate

designated as parcel No. 117 erroneously described said premises; that the alleged service by publication was not in compliance with the statutory requirement of publication; and that the court was without warrant to order the issuance of the tax deeds in question.

Respondent argued that petitioner cannot collaterally attack the orders of the county court directing the tax deeds to issue, since such orders found that all notices required by law had been given, and that all requirements for the issuance of tax deeds had been met; that it affirmatively appeared from the answers to the petitions that the place of residence of petitioners could not be found, and that proper notices were served in apt time upon their tenants who were in possession of the real estate; that such service was the equivalent of personal service upon the owners; that the tax deeds were valid; and that the county court properly denied the petitions to vacate the orders.

This case squarely presents for construction section 266 of the Revenue Act as amended in 1951, (Ill. Rev. Stat. 1953, chap. 120, par. 747,) pertaining to the conclusive effect of the order of the county court in the county collector's annual application for judgment and sale for delinquent taxes, judicially determining the performance of conditions precedent to the issuance of a tax deed.

The primary object of statutory construction is to ascertain and give effect to legislative intent, and courts should consider the reason or necessity for the enactment, the contemporaneous conditions, existing circumstances, and the object sought to be obtained by the statute. *Petterson* v. *City of Naperville,* 9 Ill.2d 233; *The People ex rel. Bell* v. *New York Central Railway Co.* 10 Ill.2d 612.

Prior to the amendment of 1951 the statutes contemplated that the county clerk should administratively determine the factual matters giving rise to the substantive rights of parties after an annual tax sale, namely the ex-

piration of the period of redemption and the giving of statutory notices. Such determination was made by him from affidavits on file in his office and he issued tax deeds therefrom as the culmination of the annual tax sale involved. (Laws of 1933, p. 923; *People* v. *Altman,* 9 Ill.2d 277.) Since this was not a judicial determination of facts, this court, on review, required the utmost in strict observance of form. No defect or omission in the affidavit filed with the clerk could be supplied, regardless of what the real facts might have been. (*Esker* v. *Heffernan,* 159 Ill. 38, 45; *Gage* v. *Mayer,* 117 Ill. 632, 638.) It was beyond the power of the court to determine from the evidence upon hearing whether the statutory conditions precedent had been met. (*Lawton* v. *Sweitzer,* 354 Ill. 620, 630.) Such exacting, technical procedure resulted in numerous defective titles and time-consuming litigation, and served to encumber rather than free land to once again enter the stream of commerce and bear its aliquot share of the tax burden.

In the depression period following 1929, tax delinquencies increased to such extent that revenue for essential governmental functions was imperilled. In 1933 the General Assembly amended the Revenue Act of 1872 by adding sections 253a, 253b, and 253c (Smith-Hurd Stat. 1933, chap. 120, pars. 238a, 238b and 238c) to provide a more drastic method of tax foreclosure. The right of redemption from such sale was governed by section 253. (Smith-Hurd Stat. 1933, chap. 120, par. 238.) In *Clark* v. *Zaleski,* 253 Ill. 63, decided in 1912, the procedure of filing petition in the tax foreclosure proceeding for supplemental decree for the issuance of a tax deed was approved, proof of requisite notice by affidavit discontinued, judicial determination of statutory compliance ordained, collateral attack thereof barred, except for lack of jurisdiction, and greater stability of title established. (*People* v. *Altman,* 9 Ill.2d 277; *Allen* v. *Nettleton,* 6 Ill.2d 141; Nichols, Illinois Civil Practice,

vol. 7, sections 7479-7508 incl.) The legislature was mindful of these facts, of the decisions of this court and of the improved procedure in tax foreclosure proceedings when it amended the Revenue Act in 1951. It then assimilated the procedure with respect to the issuance of deeds following annual tax sales to that used in tax foreclosure proceedings by requiring that the right to the issuance of a deed be determined by the county court instead of by the ministerial act of the county clerk and determined that: "Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed." Ill. Rev. Stat. 1955, chap. 120, par. 747.

In *People* v. *Altman,* 9 Ill.2d 277, we stated: "The procedure thus fixed by statute is in substance that which had previously been used in tax foreclosure sales." We would not fully construe the legislative intent if we gave lesser efficacy to the order for issuance of deeds in proceedings under an annual tax sale than in those under tax foreclosure sale.

Therefore, the question before us is whether, after more than 30 days from the entry of the order of the county court, petitioner may attack its finding that "all notices required by law have been given." We recognize that a void judgment or decree is subject to attack at any time (Ill. Rev. Stat. 1955, chap. 110, par. 72(7); *Barnard* v. *Michael,* 392 Ill. 130; *Toman* v. *Park Castles Apt. Bldg. Corp.* 375 Ill. 293; and *In re Petition of Stern,* 2 Ill. App.2d 311,) and have no quarrel with this principle of law. However, the basic question is whether the orders of the county court were void. On this issue we think *Allen* v. *Nettleton,* 6 Ill.2d 141, a tax foreclosure case, is directly in point. The former owner there contended that the lack of an allegation of due diligence to find the owner, in the petition for the issuance of a deed, deprived the court of jurisdiction. We there reviewed our holding in the case of *Clark*

v. *Zaleski*, 253 Ill. 63, 81-82, where we held that a court having jurisdiction of the parties and the subject matter was the proper tribunal to make a finding that the purchasers had complied with the law entitling them to a deed, and that this finding would be conclusive. We said in the *Nettleton case* at page 147: "The import of these two cases, which are determinative of the issue, is that when a court of equity acquires jurisdiction (both of the subject matter and the parties) in a tax foreclosure proceeding, it retains jurisdiction until the entire matter is consummated, which includes the entering of a supplemental decree ordering the issuance of a tax deed. While section 263 of the Revenue Act regarding the giving of notices must be complied with, a finding that such notices were duly given cannot be disputed in a collateral proceeding. Therefore, the appellant's contention that the circuit court lacked jurisdiction to enter the supplemental decree is without merit."

Any petition to vacate an order, judgment, or decree, filed more than 30 days after the entry thereof and made to the court that rendered it, is a collateral attack thereon. Ill. Rev. Stat. 1955, chap. 110, par. 72(2); *Barnard* v. *Michael*, 392 Ill. 130; *In re Petition of Stern*, 2 Ill. App.2d 311; *People* v. *Norris*, 144 Cal. 422, 77 Pac. 998.

The county court had jurisdiction of the subject matter and acquired jurisdiction of the land in question in this proceeding by publication in the county collector's application for judgment and sale of delinquent lands, and retained jurisdiction to enter order for issuance of deed and writ of assistance, upon proof of notice as provided in section 263 of the Revenue Act. (Ill. Rev. Stat. 1955, chap. 120, par. 744.) The legislature gave the county court the same jurisdiction to hear and determine supplemental proceedings as in tax foreclosure proceedings. (*People* v. *Altman*, 9 Ill.2d 277.) This jurisdiction was properly invoked in this case for a conclusive determination that respondent had

done all things required by the statute to entitle it to a tax deed.

Petitioner was not deprived of procedural or substantive due process. Respondent's answer to the petition to vacate affirmatively alleged, and stands without denial, that notice was served upon the tenants of petitioners who were in possession of the premises, and diligent inquiry was made to find the residence of the petitioners who were the owners of the premises in question. Under the statute, such service is deemed the equivalent of service on the owners. (Ill. Rev. Stat. 1955, chap. 120, par. 744.) This type of substituted service is not new to our practice, (Ill. Rev. Stat. 1955, chap. 110, par. 13.2,) and, having been made, neither publication nor affidavit was required. By virtue of such inquiry and the personal service of notice on the tenants of petitioners, the application of the statute by the county court did not amount to a denial of due process. *Nelson* v. *City of New York,* 352 U.S. 103, 1 L. ed 2d 171; *Leigh* v. *Green,* 193 U.S. 79, 48 L. ed 623; 12 Am. Jur., Constitutional Law, sec. 644.

It was the purpose of the legislature to provide a method for obtaining merchantable tax titles. This end is attained by adjudging the conclusive effect of the county court's determination. This construction of the statute in question conforms to the legislative admonition that "This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." Ill. Rev. Stat. 1955, chap. 120, par. 747.

The order of the county court of Cook County must accordingly be affirmed.

*Order affirmed.*