(No. 35797.—

Louis Shapiro, Appellant, *vs.* Dora Hruby *et al.,* Appellees.

*Opinion filed January 20, 1961.—Rehearing denied March 27, 1961.*

354

Jack Smolens, of Chicago, for appellant.

Henry W. Kenoe, and Raphael Fine, both of Chicago, for appellees.

Mr. Justice Daily delivered the opinion of the court:

By this appeal, Louis Shapiro, appellant, seeks to review orders of the county court of Cook County directing the issuance of a tax deed to appellee, Dora Hruby, and dismissing his subsequent petitions to set that deed aside.

The property in question is an unimproved city lot, title to which was registered on August 15, 1929, under the Torrens System, in John Manousakis, who lived at 110 Marion

Street in Oak Park. He paid taxes on the lot until his return to Greece in 1931 and continued to live in that country until his death some ten years later. Surviving him were his wife, Anna, a brother Emmoel, a sister and numerous nieces and nephews. Subsequently, general taxes for the property became delinquent and, on March 18, 1957, it was sold for 1955 taxes to John Hruby, who, on January 10, 1958, registered the certificate of sale in accordance with the Torrens Act. Shortly thereafter, he assigned his interest in the certificate to appellee, Dora Hruby. Although the period of redemption would normally have expired two years after the sale, it was extended by the purchaser so as to terminate on June 20, 1959. On February 26, 1959, appellee filed a petition for the issuance of a tax deed. Notice thereof, directed to John Manousakis, his unknown heirs, and other unknown owners, was personally served on the registrar of titles, was sent by registered mail to John Manousakis, at his Oak Park address, and was published in the manner specified by section 263 of the Revenue Act, (Ill. Rev. Stat., 1959, chap. 120, par. 744,) pursuant to affidavits of nonresidence and unknown owners filed by appellee, Hruby. As further required by the act, the notice contained a statement that a hearing upon the petition for deed would be held June 23, 1959.

On June 19, 1959, a deposit for redemption of the property was delivered to the county clerk by Shapiro, who did not identify himself but gave only the name "Emmoel G. Manousakis" with no address, and hearing on the petition for deed was subsequently continued until July 8, 1959, at which time David O'Keefe, deputy county clerk, John Hruby, the original purchaser, and Lyle H. Rossiter, appellee Hruby's attorney, testified concerning the ownership of the parcel. O'Keefe stated that a deposit for redemption had been made by one Emmoel Manousakis who left no address; Hruby said that although the Torrens records indicated John Manousakis was the registered owner of the property, he had tried for two years to locate the man by

checking city directories, telephone directories, death records, a title company special assessment search, and by talking with "some Greeks" he knew but without avail. Rossiter testified that in an unsuccessful attempt to locate Emmoel Manousakis in order to notify him of appellee Hruby's refusal to recognize the redemption as valid, and of the impending hearing upon the petition for deed, he had checked all Chicago and suburban telephone directories but did not find anyone by the name of Manousakis listed therein. Rossiter also related that a search of the Torrens certificate of title made by him on July 2, 1959, indicated that John Manousakis was still the owner of the property.

At a subsequent hearing on August 3, 1959, appellee Hruby moved for the issuance of tax deed but, upon request of the Greek Consulate, the cause was continued until September 14, 1959, at which time an order for deed was entered which expressly found that the owner, last assessee, and all other parties interested in the property had been duly notified of the redemption period and of the petition for deed, that no redemption from the tax sale had occurred, that the court had jurisdiction of the parties and subject matter of this cause, that appellee Hruby had complied with all applicable provisions of the Revenue Act, and that she was entitled to the issuance of a tax deed. Exactly one month later, on October 14, 1959, a further order was entered declaring the attempted redemption void and ordering the same noted upon the county clerk's records and the return of the redemption deposit. The tax deed was thereafter registered on October 20, 1959.

Meanwhile, however, on August 6, 1959, Shapiro filed suit in the circuit court of Cook County for specific performance of an alleged contract and for partition wherein it was alleged that all the heirs of John Manousakis (except the wife, Anna) had on June 18, 1959, agreed to convey their interests to Shapiro for a sum of $300, and on the same date a *lis pendens* notice was filed with the registrar. On

October 9, 1959, a decree for specific performance was entered in the circuit court proceeding and on November 5, 1959, a partition sale of the premises was made to one Gertrude Tankel. In recommending specific performance, the master in chancery found that neither Shapiro nor his attorney knew whether Emmoel Manousakis and the heirs of John Manousakis were living or dead, and said individuals were therefore made parties to the circuit court action as unknown owners.

Thereafter on November 13, 1959, a petition to vacate the orders of September 14 and October 14, 1959, was filed by Shapiro in the county court action setting forth the specific performance and partition matters, contending the tax proceedings were irregular, and requesting that the redemption be declared valid and the tax deed void. By a supplemental petition, filed with leave of court on November 19, 1959, Shapiro also alleged that Dora Hruby had fraudulently misled the court at the time the prior orders were entered by failing to inform it of the circuit court case. Upon Hruby's motion, the court, on December 10, 1959, dismissed Shapiro's petitions to vacate, holding it no longer had jurisdiction over its order of September 14, 1959. However, no finding whatsoever was made as to the October 14th order, nor was it explained why Shapiro's petitions were not filed in apt time with regard to it. Shapiro's subsequent motion to vacate the order of December 10 was also denied on December 28, 1959, and his notices of appeal were filed the following day. It also appears that, on February 24, 1960, Hruby quitclaimed her interest in the premises to appellee Maurice Schoenwald, who was thereafter permitted to appear in these proceedings.

While Shapiro, by this appeal, seeks to attack on their merits the orders of September 14 and October 14, and to review the dismissal of his subsequent petition to vacate on December 28, 1959, the initial issue for determination, and in our opinion the dispositive one, is whether the lower court

on December 10, 1959, had jurisdiction to set aside its prior orders.

By its enactment of section 266 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 747,) the legislature intended to render tax titles incontestable except by direct attack, unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, par. 72,) or unless the order directing the issuance of deed was utterly void. (*Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388; *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447.) The county court had jurisdiction of the land in question by publication in the county collector's application for judgment and sale of delinquent lands, and this jurisdiction was retained not only for the issuance of a tax deed but also to consider whether all statutory requirements therefor had been met, including the absence of a valid redemption. (*Cherin* v. *The R. & C. Company,* 11 Ill.2d 447; Ill. Rev. Stat. 1959, chap. 120, par. 747.) Prior to making the latter determination, the court was fully advised of the purported redemption, heard testimony showing a concerted attempt to locate Emmoel Manousakis, the alleged redemptioner, and was informed not only that this search was unsuccessful but that no one by the name of Manousakis was even listed in any of the Chicago or suburban telephone directories. Based upon this evidence, the court, in its order of September 14, 1959, found that Dora Hruby had complied with all Revenue Act provisions and that "no redemption has been made from the sale of said real estate." Since the petition to vacate was filed more than 30 days thereafter the court had lost jurisdiction over its September 14th order (Ill. Rev. Stat. 1959, chap. 77, par. 82; chap. 110, pars. 50(6) and 68.3,) and although section 72 of the Civil Practice Act may in some instances be invoked to bring to the court's attention certain matters of fact not appearing in the record, we have re-

peatedly held that such procedure may not be used to again put in issue a factual question which has been previously adjudicated. (*Brockmeyer* v. *Duncan,* 18 Ill.2d 502; *People* v. *Sheppard,* 405 Ill. 79; *Ephraim* v. *People,* 13 Ill.2d 456.) It is not available where, as here, the court after hearing in open court expressly found that no redemption had in fact occurred. *Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388.

Appellant also argues that since the order of October 14, 1959, did not contain an express finding that no just reason existed for delaying appeal, this order at no time became final, and in accordance with section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 50(2)) was subject to revision at any time. In view of our decision as hereinafter stated, it is unnecessary for us to consider this point at the present time. Neither do we believe that section 50(8) of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 50(8)) may be successfully asserted in the present case. That provision applies only to judgments or decrees entered against "any defendant who has been served by publication with notice of the commencement of the action" and is not applicable to the notice requirements for tax deed contained in the Revenue Act. *People ex rel. Hudson* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180.

Furthermore, there is no such evidence of fraud as to render the order for deed void. Although a search of the Torrens records subsequent to August 6, 1959, would have revealed the pending specific performance action, the mere fact that it was not made does not denote wrongdoing upon Hruby's part, especially when we consider that her evidence was concluded on July 8, 1959, and the cause was thereafter continued until September 14 by the State's Attorney as a convenience to the Greek Consulate. (Cf. *Village of Dolton* v. *First National Bank of Blue Island,* 12 Ill.2d 435.) In

view of the fact that the certificate of tax sale was duly registered long before appellant became interested in the property, that the petition for deed was filed within the statutory period, and that the proceedings therein were seasonably concluded, we fail to see how appellant could have been prejudiced by appellee Hruby's failure to register her subsequent assignment or to *lis pendens* the petition for deed upon the Torrens certificate. See: *In re Application of Bickel,* 301 Ill. 484.

Nor, insofar as the order of September 14 is concerned, was appellant adversely affected by the failure of Hruby to verify her motion to dismiss and to file it within the ten days allowed her to plead. The county court, insofar as it was without power to set that order aside, would necessarily have been required to dismiss appellant's petitions irrespective of whether any pleadings were filed by the opposing party.

Contrary to his present claim, Shapiro was not denied his constitutional right of due process by reason of the lower court action. Compliance was had with both the Revenue Act and Torrens Act requirements, and notice was sent within the statutory period to the last-known address of the registered owner and was published as to him and other unknown owners having an interest in the property. Our constitution (art. IX, sec. 5) and statute (Ill. Rev. Stat. 1959, chap. 120, par. 744) authorize service by publication, and both this court and the United States Supreme Court have heretofore upheld the validity of such service. (*Greenwald v. McCarthy,* 402 Ill. 135; *Leigh v. Green,* 193 U.S. 79, 48 L.ed. 623.) Despite Shapiro's assertion, it appears that he, not Dora Hruby, was responsible for his failure to receive actual notification of hearing upon the petition for deed. The certificate of tax sale was filed upon the Torrens register, the petition for deed was of public record, and considerable effort was expended in attempting to locate the person redeeming so as to further notify him of the subsequent proceedings. Had Shapiro seen fit not to redeem under

the name of another or under an assumed name, or had he in some manner made it possible to ascertain his identity or location, there is little doubt but what he would have received the consideration he now demands. To hold for him under these circumstances would be to encourage one so inclined to indefinitely delay the issuance of a tax deed by playing hide-and-seek with the purchaser without the latter being able to identify his adversary or determine the propriety of the alleged redemption. Not only would this cast an unreasonable burden upon the purchaser himself but it could also have an adverse effect upon our whole system of tax titles. Neither justice nor reason permits such a condition to exist. For the reasons stated, it is our opinion that the county court was without power to set aside its order of September 14, 1959.

It does not necessarily follow, however, that the county court had also lost jurisdiction over its order of October 14, 1959. Shapiro's petition to vacate was filed on November 13, 1959, within the 30-day period allowed for direct attack, and although it may well be that the court considered its October 14th order as merely supplemental to the earlier order for deed and subject to the same limitations, (thus explaining the court's refusal to vacate either order,) the fact of the matter is there is nothing in the record to indicate that the question of jurisdiction over the October 14th order was passed upon or even considered by the lower court. Therefore, neither the latter issue nor the merits of the controversy as respects the second order are before us at the present time, and the cause must be remanded for a determination of those issues. *Reidelberger* v. *Bi-State Development Agency,* 8 Ill.2d 121; *Ohio Oil Co.* v. *Scott,* 241 Ill. 448; 3 I.L.P., Appeal and Error, § 894.

The orders of the county court of Cook County entered on December 10, 1959, and December 28, 1959, are affirmed insofar as they refuse to vacate the order for deed of September 14, 1959, but the cause is remanded to the county

362

court of Cook County for a consideration of appellant's petition to vacate as it relates to the order of October 14, 1959, and for such other proceedings as may not be inconsistent with this opinion.

*Affirmed in part, and remanded, with directions.*