Docket No. 98146–Agenda 23–November 2004.

In re
 APPLICATION OF THE COUNTY TREASURER (Forus Mortgage Corporation, Appellee, v. Denis Dwyer 
et al.
, Appellants).

Opinion filed February 17, 2005.

JUSTICE FREEMAN delivered the opinion of the court:

In this appeal, we consider whether a property owner may file a postjudgment motion challenging the circuit court’s order for issuance of a tax deed. The appellate court held that an order of the circuit court for issuance of a tax deed is incontestable and the property owner may not file a postjudgment motion for reconsideration. 346 Ill. App. 3d 624. We reverse and remand for further proceedings.

BACKGROUND

The opinion of the appellate court contains a thorough discussion of the facts of this case. In this opinion, we outline only the facts relevant to this appeal.

Denis and Lillian Dwyer owned a single-family residence which was sold on February 13, 1998, to Tax Deed, Inc., for taxes due for the tax year 1996. Tax Deed subsequently transferred the property to Forus Mortgage Corporation. On August 24, 2000, Forus filed a petition in the circuit court of Cook County for a tax deed, stating that the redemption period would expire on January 17, 2001. The Dwyers did not redeem the property, and, on February 16, 2001, Forus filed an application for an order directing the county clerk to issue a tax deed.

Pursuant to section 22–30 of the Property Tax Code (35 ILCS 200/22–30 (West 2000)), Denis Dwyer appeared 
pro se
 and objected to issuance of the tax deed. The court held several hearings on the matter and entered an order on July 30, 2002, directing the county clerk to issue the tax deed. On August 21, 2002, Denis Dwyer and Lillian Dwyer each filed a postjudgment motion seeking to have the order of July 30, 2002, vacated. The court denied the motions on October 24, 2002. On November 19, 2002, the Dwyers filed a notice of appeal.

The appellate court dismissed the appeal as untimely. 346 Ill. App. 3d 624. Initially, the court determined that an order for issuance of a tax deed may be challenged only by direct appeal or by petition in the circuit court for relief from judgment, pursuant to section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 2000)). 346 Ill. App. 3d at 629. The court further held that, in limiting the avenues for relief from the order for issuance of the tax deed, the Property Tax Code (35 ILCS 200/22–5 
et seq
. (West 2000)) does not violate the separation of powers clause of our constitution. Ill. Const. 1970, art. II, §1. The court next determined that the Dwyers’ postjudgment motions could not be considered petitions for relief from judgment under section 2–1401 of the Code of Civil Procedure. 346 Ill. App. 3d at 629-30. The court concluded that the Dwyers’ postjudgment motions were not proper challenges to the order for issuance of the tax deed; the motions did not toll the time for filing the appeal; and the appeal was untimely. 346 Ill. App. 3d at 636-37.

 The Dwyers filed a petition for appeal as a matter of right, or, in the alternative, for leave to appeal. 134 Ill. 2d R. 317. We granted the Dwyers’ petition in order to determine whether the circuit court’s order to issue a tax deed could be contested by a postjudgment motion for reconsideration or motion to vacate. We allowed the Chicago Bar Association to file an 
amicus curiae
 brief in support of the Dwyers. 155 Ill. 2d R. 345.

ANALYSIS

A. Standard of Review

In the case at bar, we are called upon to review the appellate court’s construction of the Property Tax Code (35 ILCS 200/1–1 
et seq
. (West 2000)) and the court’s determination that section 22–45 of the Code is constitutional (35 ILCS 200/22–45 (West 2000)). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. 
Bridgestone/Firestone, Inc. v. Aldridge
, 179 Ill. 2d 141, 149 (1997), quoting 
Illinois Power Co. v. Mahin
, 72 Ill. 2d 189, 194 (1978); 
In re B.C.
, 176 Ill. 2d 536, 542 (1997). To do so, we examine the language of the statute, usually the best indicator of the legislature’s objectives in enacting the law. 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 504 (2000). We afford the language of the statute its plain and ordinary meaning (
Michigan Avenue National Bank
, 191 Ill. 2d at 504) and construe the statute as a whole (
Sylvester v. Industrial Comm’n
, 197 Ill. 2d 225, 232 (2001)). We do not view words and phrases in isolation but consider them in light of other relevant provisions of the statute. 
Sylvester
, 197 Ill. 2d at 232; 
Michigan Avenue National Bank
, 191 Ill. 2d at 504.

Legislative intent is ever paramount and controls our construction of a statute. 
Collins v. Board of Trustees of the Firemen’s Annuity & Benefit Fund
, 155 Ill. 2d 103, 111 (1993), citing 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990). We recognize that traditional rules of statutory construction are merely aids in determining legislative intent and must yield to such intent. 
Collins
, 155 Ill. 2d at 111, citing 
Carey v. Elrod
, 49 Ill. 2d 464, 471 (1971). When the spirit and intent of the legislature are clearly expressed and the objects and purposes of a statute are clearly set forth, the courts are not bound by the literal language of a particular clause of the statute that might defeat such clearly expressed legislative intent. 
In re D.F.
, 208 Ill. 2d 223, 230 (2003); 
Collins
, 155 Ill. 2d at 112. Ambiguity caused by a literal and confined construction of a statute may be modified, changed or rejected to conform to an otherwise clear legislative intent. 
Collins
, 155 Ill. 2d at 112 (citing 
Community Consolidated School District Number 210 v. Mini
, 55 Ill. 2d 382, 386 (1973), 
Carey
, 49 Ill. 2d at 471-72, and 
Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Comm’n
, 42 Ill. 2d 385, 395 (1969)). We presume that in enacting a statute the legislature did not intend absurdity, inconvenience, or injustice. 
Michigan Avenue National Bank
, 191 Ill. 2d at 504.

Additional principles of statutory construction apply when the constitutionality of a statute is at issue. We note that all statutes enjoy a presumption of constitutionality. The party challenging the constitutionality of the statute bears the burden of rebutting this presumption and clearly establishing a constitutional violation. 
Burger v. Lutheran General Hospital
, 198 Ill. 2d 21, 31 (2001). In considering a challenge to a statute, a court must construe the statute so as to affirm the statute’s constitutionality and validity, if reasonably possible. 
People v. Greco
, 204 Ill. 2d 400, 406 (2003); 
In re R.C.
, 195 Ill. 2d 291, 296 (2001). Moreover, a court will consider a constitutional question only where essential to the disposition of a case, that is, where the case cannot be decided on other grounds. 
Beahringer v. Page
, 204 Ill. 2d 363, 370 (2003), quoting 
Bonaguro v. County Officers Electoral Board
, 158 Ill. 2d 391, 396 (1994). Review of the constitutionality of a statute is 
de novo. In re R.C.
, 195 Ill. 2d at 296.

B. Postjudgment Motion Practice

Turning to the merits of the appeal, we consider first the interplay between the filing of a postjudgment motion and the filing of an appeal. Section 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1203 (West 2000)) provides:

“Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.

(b) A motion filed in apt time stays enforcement of the judgment.”

Thus, a party may seek review in the circuit court within the statutorily allotted time, and the filing of the postjudgment motion stays enforcement of the circuit court’s judgment.

Supreme Court Rule 303 (155 Ill. 2d R. 303) governs the filing of an appeal. The rule provides in part:

“(a) Time; Filing; Transmission of Copy.

(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last remaining post-judgment motion.

(2) When a timely post-judgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending post-judgment motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the post-judgment motion, as provided in subparagraph (a)(1) of this rule.”

The rule expressly reserves the jurisdiction of the circuit court to consider a posttrial motion directed against the judgment. Jurisdiction is conferred upon the appellate court through the timely filing of a notice of appeal. 
Berg v. Allied Security, Inc.
, 193 Ill. 2d 186, 189 (2000); 155 Ill. 2d R. 301. However, the notice of appeal is of no effect and must be withdrawn if a timely postjudgment motion was filed before or after the date on which the notice of appeal was filed. 155 Ill. 2d R. 303(a)(2).

As noted above, the circuit court entered an order on July 30, 2002, directing the county clerk to issue a tax deed to the property to Forus. On August 21, 2002, Denis Dwyer and Lillian Dwyer each filed a posttrial motion seeking to have the court vacate the order. The postjudgment motions were timely since they were filed within 30 days after entry of the order for issuance of the tax deed. When a posttrial motion directed to the judgment is timely filed, the motion tolls the time for filing the notice of appeal. The appeal is timely if the notice of appeal is filed within 30 days after the entry of the order disposing of the last pending postjudgment motion. 
Steinbrecher v. Steinbrecher
, 197 Ill. 2d 514, 522 (2001); 155 Ill. 2d R. 303(a)(1). The circuit court here denied the postjudgment motions on October 24, 2002, and, the Dwyers filed a notice of appeal on November 19, 2004. The appeal was timely in that it met the requirements of Rule 303.

C. The Property Tax Code

The Revenue Act of 1939 (Ill. Rev. Stat. 1953, ch. 120, par. 482 
et seq.
), the predecessor statute to the Property Tax Code, was amended extensively in 1951. Significantly, the legislature authorized the county court, rather than the county clerk, to determine whether the purchaser at a tax sale had complied with the provisions of the Act and was entitled to a tax deed for the property. Ill. Rev. Stat. 1953, ch. 120, par. 747. In 1955 the legislature further amended the Act to provide that the notice of the filing of the petition for tax deed and the notice of the hearing on the petition were to be “in conformity with rule or practice of court in regard to motions as in other civil actions.” Ill. Rev. Stat. 1955, ch. 120, par. 747a. As modified by these and further amendments, the Property Tax Code is a comprehensive statute regulating the assessment and collection of taxes, the forfeiture of property for the nonpayment of taxes, the sale of property to satisfy delinquent taxes, and the redemption of property upon payment of delinquent taxes, interest and costs associated with the sale of the property. 35 ILCS 200/1–1 
et seq.
 (West 2000).

Article 22 of the Property Tax Code contains specific procedures for the issuance of a tax deed following the sale of property and the expiration of the redemption period. Article 22 provides, 
inter alia
, for notice of the sale and of the property owner’s redemption rights (35 ILCS 200/22–5 (West 2000)); notice of the expiration of the period of redemption (35 ILCS 200/22–10 (West 2000)); notice by publication (35 ILCS 200/22–20 (West 2000)); a petition by the purchaser for issuance of a tax deed (35 ILCS 200/22–30 (West 2000)); issuance (35 ILCS 200/22–40 (West 2000)) or denial of the tax deed (35 ILCS 200/22–50 (West 2000)); and an order placing the tax deed grantee in possession of the property (35 ILCS 200/22–40 (West 2000)).

Three sections of article 22 are particularly relevant to the present appeal. Section 22–75 provides that a tax deed executed by the county clerk is 
prima facie 
evidence that the property was subject to taxation; the taxes or special assessments were not paid; the property was advertised for sale; the property was sold for taxes or special assessments; the sale was conducted in the manner required by law; the property was not redeemed within the time provided by law; and the grantee in the deed was the purchaser or assignee of the purchaser. 35 ILCS 200/22–75 (West 2000). The section further provides:

“Any order for the sale of property for delinquent taxes, except as otherwise provided in this Section, shall estop all parties from raising any objections to the order or to a tax title based thereon, which existed at or before the rendition of the order, and which could have been presented as a defense to the application for the order. The order itself is conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments were paid prior to the sale or the property was exempt from general taxes or was not subject to special assessment.” 35 ILCS 200/22–75(b) (West 2000).
(footnote: 1)
 Section 22–55 of the Property Tax Code is entitled “Tax deeds to convey merchantable title.” The section provides: “This Section shall be liberally construed so that tax deeds shall convey merchantable title.” 35 ILCS 200/22–55 (West 2000).

Lastly, section 22–45 of the Property Tax Code provides in part:

“Tax deed incontestable unless order appealed or relief petitioned. Tax deeds issued under Section 22–35 are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2–1401 of the Code of Civil Procedure ***.” 35 ILCS 200/22–45 (West 2000).
(footnote: 2)
 Forus Mortgage argues that the plain language of section 22–45 limits a party to only two avenues for seeking relief from an order for issuance of tax deed: direct appeal or a motion brought under section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 2000)). The appellate court agreed. Construing section 22–45, the appellate court opined that a property owner may not file a posttrial motion in the circuit court seeking reconsideration of the order for issuance of a tax deed. The circuit court’s order for issuance of the tax deed may be challenged only by direct appeal or by petition in the circuit court for relief from judgment, pursuant to section 2–1401 of the Code of Civil Procedure. 346 Ill. App. 3d at 629. The appellate court dismissed the Dwyers’ appeal as untimely because the posttrial motions did not constitute a proper challenge to the order for issuance of the tax deed, and, consequently, did not toll the time for filing the notice of appeal. 346 Ill. App. 3d at 636-37.

The effect of the appellate court’s decision was to deny the Dwyers the right to seek review in the circuit court, a right generally available to parties in an action pursuant to section 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1203 (West 2000)) and Supreme Court Rule 303 (155 Ill. 2d R. 303). In contrast, this court has given conclusive effect to an order for issuance of a tax deed 
without
 infringing upon the parties’ right to seek review in the circuit court. In 
Cherin v. The R. & C. Co.
, 11 Ill. 2d 447 (1957), the property owners filed petitions to vacate and set aside the orders for issuance of tax deeds approximately eight months after the orders had been entered. The petitions alleged that the affidavits for publication did not comply with the statute and diligent inquiry had not been made. The court first explained the history and purpose of the incontestability provision, now found in the Property Tax Code:

“Prior to the amendment of 1951 the statutes contemplated that the county clerk should administratively determine the factual matters giving rise to the substantive rights of parties after an annual tax sale, namely the expiration of the period of redemption and the giving of statutory notices. Such determination was made by him from affidavits on file in his office and he issued tax deeds therefrom as the culmination of the annual tax sale involved. (Laws of 1933, p. 923; 
People v. Altman
, 9 Ill. 2d 277.) Since this was not a judicial determination of facts, this court, on review, required the utmost in strict observance of form. No defect or omission in the affidavit filed with the clerk could be supplied, regardless of what the real facts might have been. (
Esker v. Heffernan
, 159 Ill. 38, 45; 
Gage v. Mayer
, 117 Ill. 632, 638.) It was beyond the power of the court to determine from the evidence upon hearing whether the statutory conditions precedent had been met. (
Lawton v. Sweitzer
, 354 Ill. 620, 630.) Such exacting, technical procedure resulted in numerous defective titles and time-consuming litigation, and served to encumber rather than free land to once again enter the stream of commerce and bear its aliquot share of the tax burden.

In the depression period following 1929, tax delinquencies increased to such extent that revenue for essential governmental functions was imperilled. In 1933 the General Assembly amended the Revenue Act of 1872 by adding sections 253a, 253b, and 253c (Smith-Hurd Stat. 1933, chap. 120, pars. 238a, 238b and 238c) to provide a more drastic method of tax foreclosure. The right of redemption from such sale was governed by section 253. (Smith-Hurd Stat. 1933, chap. 120, par. 238.) In 
Clark v. Zaleski
, 253 Ill. 63, decided in 1912, the procedure of filing petition in the tax foreclosure proceeding for supplemental decree for the issuance of a tax deed was approved, proof of requisite notice by affidavit discontinued, judicial determination of statutory compliance ordained, collateral attack thereof barred, except for lack of jurisdiction, and greater stability of title established. (
People v. Altman
, 9 Ill. 2d 277; 
Allen v. Nettleton
, 6 Ill. 2d 141; Nichols, Illinois Civil Practice, vol. 7, sections 7479-7508 incl.) The legislature was mindful of these facts, of the decisions of this court and of the improved procedure in tax foreclosure proceedings when it amended the Revenue Act in 1951. It then assimilated the procedure with respect to the issuance of deeds following annual tax sales to that used in tax foreclosure proceedings by requiring that the right to the issuance of a deed be determined by the county court instead of by the ministerial act of the county clerk and determined that: ‘Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed.’ ” 
Cherin
, 11 Ill. 2d at 451-53.

The court then considered the validity of an attack on an order for issuance of a tax deed made after the 30-day postjudgment motion period:

“[T]he question before us is whether, 
after more than 30 days
 from the entry of the order of the county court, petitioner may attack its finding that ‘all notices required by law have been given.’ We recognize that a void judgment or decree is subject to attack at any time [citations] and have no quarrel with this principle of law. However, the basic question is whether the orders of the county court were void. ***

***

The county court had jurisdiction of the subject matter and acquired jurisdiction of the land in question in this proceeding by publication in the county collector’s application for judgment and sale of delinquent lands, and retained jurisdiction to enter order for issuance of deed and writ of assistance, upon proof of notice as provided in section 263 of the Revenue Act. (Ill. Rev. Stat. 1955, chap. 120, par. 744.) The legislature gave the county court the same jurisdiction to hear and determine supplemental proceedings as in tax foreclosure proceedings. (
People v. Altman
, 9 Ill. 2d 277.) This jurisdiction was properly invoked in this case for a conclusive determination that respondent had done all things required by the statute to entitle it to a tax deed.” (Emphasis added.) 
Cherin
, 11 Ill. 2d at 453-55.

The court affirmed the orders for issuance of tax deeds because the petitions to set aside the orders were filed 
more than 30 days after entry thereof
 and were impermissible collateral attacks on the orders. 
Cherin
, 11 Ill. 2d at 454-55.

Likewise, in 
Young v. Madden
, 20 Ill. 2d 506 (1960), the court gave effect to the legislative intent to limit 
collateral
 attacks on an order for the issuance of a tax deed while preserving the property owner’s right to seek reconsideration of the order during the postjudgment motion period. Referencing 
Cherin
, the court noted that it had carefully considered the purpose and nature of the statute. 
Young
, 20 Ill. 2d at 510. The statute provides for a judicial determination of what had previously been determined administratively–whether the conditions precedent to the issuance of a tax deed had been performed–and the issues to be considered by the county court in ordering that a tax deed issue “fall within a narrow compass.” 
Young
, 20 Ill. 2d at 510. In affirming the order for issuance of the tax deed in the case at bar, the court noted that the property owners had filed a motion to vacate within 30 days of entry of the order. 
Young
, 20 Ill. 2d at 509. The county court had properly denied the motion to vacate, however, because “[t]he formal documentary proof was adequately identified, and the performance of all statutory conditions was proved.” 
Young
, 20 Ill. 2d at 511.

In 
Shapiro v. Hruby
, 21 Ill. 2d 353 (1961), the court also clarified that 
collateral
 attacks, rather than 
direct
 attacks, on orders for issuance of tax deeds are impermissible. The court observed that “[b]y its enactment of section 266 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 747), the legislature intended to render tax titles incontestable 
except by direct attack
, unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 72),
(footnote: 3) or unless the order directing the issuance of deed was utterly void.” (Emphasis added.) 
Shapiro
, 21 Ill. 2d at 358. The court noted that the county court had lost jurisdiction over its September 14 order for issuance of a tax deed because “the petition to vacate was filed more than 30 days thereafter.” 
Shapiro
, 21 Ill. 2d at 358. It did not follow, however, that the county court had also lost jurisdiction over its October 14 order declaring the attempted redemption of the property void. The court remanded to the county court for a consideration of the petition to vacate as it related to the order of October 14 because “Shapiro’s petition to vacate was filed on November 13, 1959, within the 30-day period allowed for direct attack.” 
Shapiro
, 21 Ill. 2d at 361. See also 
Stanley v. Bank of Marion
, 23 Ill. 2d 414 (1961) (tax deed titles are subject only to direct attack unless the circumstances warrant relief under section 72 of the Civil Practice Act or unless the order for deed is void; the court having jurisdiction and section 72 being inapplicable, an action to set aside tax deed instituted almost 10 months after the order was entered constituted an impermissible collateral attack); 
Farlow v. Oliver
, 29 Ill. 2d 493 (1963) (same); 
Urban v. Lois, Inc.
, 29 Ill. 2d 542, 547 (1963) (“Despite the fact that the trial court did have jurisdiction to order the issuance of tax deeds in this case, it does not follow that the order is immune from attack after 30 days. However such attack is limited to one for proper grounds under section 72”); 
In re Application of the County Collector for Judgment of Sale Against Lands & Lots Returned for Non-Payment of General Taxes & Petition of Robert Burroughs for Tax Deed
, 2 Ill. App. 3d 737, 740 (1971) (“Where the attack upon the judgment is direct as is the case where relief is sought within 30 days of its rendition, fraud is not the gist of the action”); G. Turano, 
Equitable Relief, Collateral Attack and the Illinois Tax Deed
, 51 Chi.-Kent L. Rev. 725 (1975).

In the present case, the appellate court ruled that section 22–45 of the Property Tax Code limits a party to a 
direct appeal
 from the order for issuance of the tax deed or a motion brought under section 2–1401 of the Code of Civil Procedure. We reject this holding as contrary to the precedent of this court. This court has thoroughly examined the purpose and nature of the statute and has heretofore held that the legislature intended to give merchantable title to the tax purchaser by limiting 
collateral 
but not 
direct 
attacks on the order for issuance of a tax deed. The appellate court did not advance a valid reason to depart from this court’s precedent. Instead, the appellate court focused closely upon the literal language of section 22–45.
(footnote: 4) It is a rule of statutory construction, however, that “when the spirit and intent of the legislature are clearly expressed and the objects and purposes of a statute are clearly set forth, the courts are not bound by the literal language of a particular clause that might defeat such clearly expressed intent. [Citation.] Ambiguity caused by a literal and confined construction may be modified, changed or rejected to conform to an otherwise clear legislative intent.” 
Collins
, 155 Ill. 2d at 112. The appellate court’s interpretation of the statute would create such ambiguity by not allowing the circuit court to correct errors within 30 days of the order for issuance of tax deed, thus defeating the legislature’s purpose to provide merchantable title to the tax purchaser.
(footnote: 5)
 As noted by the Chicago Bar Association in its 
amicus 
brief, numerous reported decisions of the appellate court have arisen from postjudgment motions pursuant to section 2–1203 of the Code of Civil Procedure; “[w]ith good reason, practitioners, parties, and judges have viewed as a given the availability of a motion to vacate a tax deed order within 30 days after entry of that order.” We conclude that the statute permits a direct attack, by postjudgment motion, pursuant to section 2–1203 of the Code of Civil Procedure.

CONCLUSION

Inasmuch as we hold that section 22–45 of the Property Tax Code permits an attack, by postjudgment motion, directed at the order for issuance of a tax deed, it becomes unnecessary to consider the constitutional questions presented by the Dwyers’ appeal. 
Beahringer
, 204 Ill. 2d at 370. We conclude that the appellate court erred in dismissing the appeal. The appeal was filed within 30 days of the denial of the Dwyers’ posttrial motions and was timely. Accordingly, we remand the cause to the appellate court with directions to consider the appeal on the merits.

Appellate court judgment reversed;

cause remanded.

FOOTNOTES
1:     
1
 The Revenue Act of 1939 contained a provision similar to section 22–75 of the Property Tax Code. See Ill. Rev. Stat. 1959, ch. 120, par. 751.

2:     
2
 Likewise, the Revenue Act of 1939 contained a provision similar to sections 22–45 and 22–55 of the Property Tax Code:

“Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title.” Ill. Rev. Stat. 1959, ch. 120, par. 747.

3:     
3
 Section 72 of the Civil Practice Act is now section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 2002)).

4:     
4
 The appellate court panel which decided 
In re Application of the County Collector
, 281 Ill. App. 3d 467 (1996), likewise committed error by focusing on the literal language of section 22–45. That panel went on to determine that section 22–45 is unconstitutional because it violates the separation of powers clause of our constitution. Ill. Const. 1970, art. II, §1. 
Parisi
 is overruled to the extent that it conflicts with the opinion in the case at bar.

5:     
5
 The court’s construction of the statute is altogether reminiscent of the state of the law prior to the 1951 amendments when the county clerk issued the tax deed and no defect or omission in the affidavit filed with the clerk could be supplied, regardless of what the real facts might have been. “Such exacting, technical procedure resulted in numerous defective titles and time-consuming litigation, and served to encumber rather than free land to once again enter the stream of commerce and bear its aliquot share of the tax burden.” 
Cherin
, 11 Ill. 2d at 452.