(No. 40117.—

R. GABEL, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

WARD, J., took no part.

ARNOLD M. FLAMM, of Chicago, for appellant.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and MARVIN E. ASPEN, Assistants Corporation Counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This tax sale proceeding was instituted under the Revenue Act of 1939, as amended in 1951, and the question presented concerns the effect to be given to certain tax deeds acquired by the city of Chicago during the years 1910 through 1915. The property in question was sold for nonpayment of general taxes for the year 1959, and, pursuant to the statute the purchaser also paid delinquent general taxes for the years 1947 through 1958, together with interest, penalties and costs. After the period of redemption had expired, the assignee of the purchaser at the sale applied for a deed. The city of Chicago then asserted its prior tax deeds and alleged that under section 270 of the Act (Ill. Rev. Stat. 1965, chap. 120, par. 751.) it was entitled to reimbursement for the amount of money it had advanced, with interest, penalties and costs, before any deed could be issued. The trial court rejected the city's contention but the Appellate Court, First District, reversed. (70 Ill. App. 2d 180.) We granted leave to appeal.

In 1951 the General Assembly adopted House Bill 814, which amended sections 253, 263, 266, 268 and 270, and repealed sections 254, 265 and 269 of the Revenue Act of 1939. The amendments applied "to all real estate sold for non-payment of general taxes and special assessments after September 1, 1951", and they effected a comprehensive change in the method of conducting annual tax sales. (Laws of 1951, pp. 943-48.) The purpose was to establish a procedure by which a purchaser at a tax sale could acquire merchantable title, and section 266 of the Act as amended,

stated: "This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (Ill. Rev. Stat. 1965, chap. 120, par. 747.) After describing the situation that existed prior to the 1951 amendments, this court said in *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, 453: "The legislature was mindful of these facts, of the decisions of this court and of the improved procedure in tax foreclosure proceedings when it amended the Revenue Act in 1951. It then assimilated the procedure with respect to the issuance of deeds following annual tax sales to that used in tax foreclosure proceedings by requiring that the right to the issuance of a deed be determined by the county court instead of by the ministerial act of the county clerk and determined that: "Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed.' Ill. Rev. Stat. 1955, chap. 120, par. 747."

Section 266, which establishes the procedure governing the issuance of a tax deed, requires a finding by the court that the petitioner for a deed "has complied with all the provisions of law entitling him to a deed." The city contends that the petitioner in this case is not entitled to a deed because he has not complied with the following provision in section 270 of the Act: "No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain Act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this Act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed." Ill. Rev. Stat. 1963, chap. 120, par. 751.

This provision was not introduced into the statutory scheme until 1919, (Hurd, Ill. Rev. Stat. 1919, chap. 120,

par. 224), after all of the tax deeds on which the city relies had been issued. Prior to 1919 the statutory right of a holder of a tax deed to reimbursement was limited to actions in which it was sought to set the tax deed aside. (Hurd, Ill. Rev. Stat. 1917, chap. 120, par. 224.) The right appears to be a statutory expression of the equitable doctrine that one who is the aggressor in attempting to set aside a tax deed as a cloud upon his title must offer to do equity by tendering reimbursement to the tax buyer. (*Phelps* v. *Harding*, 87 Ill. 442, 445-6.) Only to this extent was the holder of a tax deed entitled to reimbursement under the statutes and decisions as they stood when the deeds upon which the city relies were issued. (See, *e.g., City of Chicago* v. *Gage*, 268 Ill. 232.) But in this case neither the parties nor the appellate court have considered whether the rights of the holder of a tax deed may be enlarged by legislation enacted after those deeds were issued.

We shall therefore consider the case upon the broader ground upon which the parties have submitted it. The city looks only at the quoted language of section 270 and concludes that it falls squarely within the words of that section. The petitioner, on the other hand, asserts that the construction contended for by the city is not required by the language of the provision, is inconsistent with other statutory provisions and would tend to frustrate the purpose of the General Assembly in adopting the 1951 amendments.

The appellate court felt that it was obligated to adopt the literal construction for which the city contends because "It is hard to conceive of broader or stronger terminology than that used in the preliminary phrase: 'No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain Act involving the title to or interest in any land * * *.' " (70 Ill. App. 2d at 189.) We are unable, however, to accept this characterization of the statutory language. The present proceeding is a special statutory one which does not fit within the designa-

tion "at law or in equity." Indeed, the fact that the phrase in question is one of limitation rather than of comprehensive inclusion is apparent from the particular specification of "proceedings under the Eminent Domain Act." If those proceedings are not actions at law or in equity, certainly the present statutory proceeding for the sale of tax delinquent property is not within that category. See, *e.g., Stanley* v. *Bank of Marion,* 23 Ill.2d 414, 419.

We hold, therefore, that the "preliminary phrase" of the quoted provision of section 270 does not compel its application to the present proceeding. And analysis of the language of the provision, its purpose and effect, convinces us that it was not intended to apply. The provision uses the term "claimant" which is an appropriate designation for an owner, or someone claiming under him, who is proceeding as the aggressor to attack the validity of a tax deed. But it is hardly an appropriate term to use in describing one who is acting adversely to the owner by purchasing his property at a tax sale, or as in this case, to one of the parties in a contest between two tax buyers. We do not find in the language relied upon by the city any indication of a legislative intention to prefer one tax buyer over another.

Section 235a of the Act (Ill. Rev. Stat. 1963, chap. 120, par. 716a) authorizes a statutory tax foreclosure proceeding. That section incorporates by reference section 266 of the Act, with its requirement of a finding that the petitioner for a deed "has complied with all the provisions of law entitling him to a deed." If the provision of section 270 applies to the present proceeding it applies also to a foreclosure under section 235a, and its effect would be to advance long dormant tax deeds to top priority in the proceeds of the sale, at the expense of the current levies of local taxing bodies. The city could have perfected its title under its old deeds and become the owner of the property by possession and the payment of taxes for seven years. Had it done so, and then failed to pay the delinquent taxes here involved,

the present proceeding would have terminated its ownership. Under the city's theory, however, since it did not perfect its title it now stands in a superior position. More definite indications than are contained in the language of section 270 would be necessary to persuade us that the legislature intended results so anomalous.

The disruptive effect of the city's construction upon the legislative purpose to establish a system under which annual tax sales could result in merchantable titles is obvious. Section 270 can still perform the function for which it was designed. But we hold that it is not applicable to a proceeding for the issuance of a tax deed under section 266.

The judgment of the appellate court is reversed.

*Judgment reversed.*

Mr. Justice Ward took no part in the consideration or this case.