(No. 35777.—

EDWARD YOUNG, County Treasurer, *vs.* FLORENCE MADDEN *et al.*, Appellants.—(JOHN ORGAN, Appellee.)

*Opinion filed December 1, 1960.*

D. A. McGRADY, of Gillespie, for appellants.

ALVIN G. WHITEHOUSE, of Gillespie, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the county court directing the county clerk to issue a tax deed to certain real estate to the petitioner, John Organ, pursuant to section 266 of the Revenue Act. (Ill. Rev. Stat. 1959, chap. 120, par. 747.) Appellants had filed objections to the petition of Organ in the county court and take this appeal, claiming an interest in the subject real estate.

The controversy involves the subsurface coal and coal rights underlying certain surface land now owned by the objectors, Florence Madden and Frank Genetti. The coal and coal rights were purportedly severed by recorded conveyances to the Illinois Union Coal Company in 1913.

At a tax sale held on October 15, 1957, pursuant to the provisions of section 235a of the Revenue Act, commonly referred to as the Scavanger Act, (Ill. Rev. Stat. 1957, Chap. 120, par. 716a,) John Organ, petitioner, became the purchaser of certain tracts, parcels and lots of real estate, consisting of these subsurface coal and coal rights. The county clerk made a report of said sale as required by statute, which report was duly approved by the county court

and a certificate of purchase was issued to said purchaser. On May 18, 1959, said John Organ, the purchaser, filed his verified petition for issuance of a tax deed in the county court. This petition, among others things, set up that the taxes on the real estate had been delinquent for ten or more years, to-wit: from 1931 to 1956, inclusive; that the purchase had been made pursuant to the order for judgment and sale of the same entered by the county court of Macoupin County on October 7, 1957; that a report had been made of the sale which had been approved by the court on October 25, 1957; that the real estate was last assessed in the name of the Illinois Union Coal Company; that the petitioner is the holder of a certificate of purchase of the real estate; that he had paid all taxes coming due subsequent to such purchase; that all notices required by statute had been given; that the period of redemption would expire on October 15, 1959, and the petitioner would appear in court and apply for a deed on October 18, 1959.

Not less than three months nor more than five months prior to the expiration of the redemption period, petitioner gave notice to all interested persons of the purchase of the real estate by him, the filing of the petition as aforesaid, and the expiration of the period redemption as required by statute.

On October 5, 1959, appellants made their appearance in the proceeding filing their unverified objections asserting *inter alia* that they were the owners of the surface overlying the real estate involved. On October 18, 1959, when the case was first set for hearing, appellants asked that the proceeding be continued and, through agreement, it was continued to October 28. At the time, petitioner obtained leave to file an answer to the objections. This answer was filed on October 26. On October 28, the date set for hearing, appellants filed another motion for continuance to reply to petitioner's answer to the objections. This continuance was allowed and appellants were given until November 18

to file their reply. Petitioner, by leave of court, filed an amended answer to the objections on November 2 and a ruling was entered by the court requiring appellants to file their reply to this amended answer by November 18. On November 2, the petition, objections, amended answer to the objections, and reply thereto were all set for hearing on November 20. On November 18, appellants filed a motion to strike the amended answer. On November 20, the motion to strike was argued and overruled and the cause proceeded to hearing.

Appellants asked for a further continuance to allow them time to reply to the amended answer to the objections. The court denied the request and ordered them to answer instanter and recessed court to 1 :30 P.M.

After hearing the court made extensive findings and on November 20, 1959, ordered a tax deed to issue to petitioner, John Organ. A motion to vacate the order was filed on December 2, 1959, and denied on December 9, 1959. Notice of appeal was filed on January 8, 1960.

Appellants claim that they were denied an opportunity to be heard on the merits; that the trial court erred in denying their motion to strike petitioner's answer and ordering them to reply instanter; and that petitioner failed to sustain the allegations of the petition.

Petitioner Organ argues that the appeal was not taken in apt time; that the objectors were not proper parties to the proceeding, and that the rulings and order of the county court were proper.

At the outset we hold that the appeal was taken in apt time from the final order directing the issuance of a tax deed to Organ. The order was entered on November 20, 1959, a motion to vacate was filed within thirty days, and denied on December 9, 1959. Notice of appeal was duly filed within 30 days thereafter on January 8, 1960. The appeal was therefore taken in apt time. Ill. Rev. Stat. 1959, chap. 110, par. 90.

In determining the merits of this appeal, we must consider the nature of the proceeding for a tax deed under section 266 of the Revenue Act. We have carefully considered the purpose and nature of the statute in *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447; *People* v. *Altman,* 9 Ill.2d 277; and *Allen* v. *Nettleton,* 6 Ill.2d 141. It is apparent from the opinions in those cases that the issues before the court in a petition for a tax deed under section 266 fall within a narrow compass. The purpose of the statute is to provide for a judicial determination of what had previously been determined administratively— whether the conditions precedent to the issuance of a tax deed had been performed. We pointed out in *People* v. *Altman,* 9 Ill.2d 277, that the facts that determine the substantive rights of a purchaser after a tax sale are the expiration of the period of redemption and the giving of the notices provided by statute, and stated at p. 281: "The issuance of a deed automatically follows an authoritative determination that these events have occurred."

Section 266, (Ill. Rev. Stat. 1959, chap. 120, par. 747), sets forth the issues clearly:

"If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of said order, to issue to the purchaser or his assignee a tax deed."

In the proceeding in the case at bar, the verified petition for deed alleged the performance of all the statutory conditions precedent. Appellants, who had notice were then entitled to appear if they owned or are interested in the real

estate. No provisions are set forth for formal pleadings and none are required. It is clear that the statute contemplates a summary judicial determination of compliance with the statute, permitting interested persons to be heard in opposition to the petition. Objections that would have been proper in the original proceeding for judgment and sale for taxes are not proper here. (*Cherin* v. *The R. & C. Company*, 11 Ill.2d 447; *Allen* v. *Nettleton*, 6 Ill. 2d 141.) The sole issue before the court in this proceeding is whether the statutory conditions subsequent to tax sale have been performed. Objections that aid in framing this issue may be helpful, but are not required. Pleadings beyond that are superfluous. The provisions of the Civil Practice Act relating to time for filing pleadings in ordinary civil actions are therefore inapposite.

The petition in this case was filed on May 19, 1959, and objections were filed on October 5, 1959. The cause was continued from time to time from October 18 to November 20, 1959. In light of the simplicity of the issues, and the continuances of the cause, we think the trial court acted within its discretion in proceeding with the hearing on November 20, 1959.

We have also examined appellants' claims as to improper admission of evidence, inadequacy of proof, and improper limitations on their right of cross-examination. We find that their contentions in these matters are unsupported by the record. The formal documentary proof was adequately identified, and the performance of all statutory conditions was proved. We find no limitations placed upon objectors except for confining them to the issues involved in this proceeding.

We, therefore, conclude that the county court of Macoupin County was correct in ordering a tax deed to issue to petitioner, and its judgment is affirmed.

*Judgment affirmed.*