(No. 36640.—

LLOYD ELDON MILLER, JR., Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed November 30, 1961.*

GEORGE K. MEUTH, of Cuba, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and ORAL KOST, State's Attorney, of Lewistown, (FRED G. LEACH, Assistant Attorney General, and BLAINE RAMSEY, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The grand jury of Fulton County in 1955 returned an indictment for murder against Lloyd Eldon Miller, Jr., and thereafter he was tried, convicted, and a sentence of death was imposed. Upon writ of error we affirmed the judgment in *People* v. *Miller,* 13 Ill.2d 84. His petition for writ of *certiorari* to the United States Supreme Court was denied. (*Miller* v. *Illinois,* 357 U.S. 943, 2 L. ed. 2d 1556.) Thereafter petitioner sought relief under the Post-Conviction Hearing Act, which proceeding was dismissed by this court on June 27, 1960, rehearing denied October 10, 1960, under nonrecord No. 2769. Petition for writ of *certiorari* to the United States Supreme Court from this decision was also denied.

The issue before us now concerns a new petition by Miller, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 72) which was filed on November 22, 1960, more than four years after the original entry of judgment. A motion to strike was filed and, at the time set for argument, the petitioner asked leave to amend to include an alternative prayer for relief under the Post-Conviction Hearing Act. Leave to so amend was denied, but thereafter an amendment was allowed which set forth

additional allegations under section 72. The motion to strike previously filed was allowed to stand as to the amended petition. The petition as amended stated that the petitioner was, on or about November 15, 1956, found guilty of the crime of murder by a jury and a sentence entered; that the evidentiary basis for his conviction was restricted to confessions and admissions, and that no direct evidence was adduced supporting his conviction; that the alleged confessions and admissions were admitted by the People to have been obtained during a period of illegal detention encompassing approximately three days; that the trial judge stressed the legality of petitioner's arrest as a circumstance of great weight in support of his findings that such confessions and admissions were voluntary and admissible; that he was arrested by virtue of a purported warrant issued at the request of the sheriff of Fulton County and signed by one Alan Jackson, purportedly as a justice of the peace, but prior to the time of the issuance of the said purported warrant, the said Alan Jackson had accepted appointment as a deputy sheriff for Fulton County, and was, at the time said purported warrant was issued, serving as a deputy sheriff; that said purported warrant was therefore illegal; that the illegality of his arrest renders the purported confessions involuntary and their admission in evidence was a denial of due process of law; that these facts are not apparent upon the record of said criminal trial and were not known to the trial judge; that had the facts been known to the judge, judgment would not have been entered against him; that said facts and matters were known to the People, but were not known, and in the exercise of due diligence could not be known to the petitioner or his attorneys at or prior to the time when judgment was entered; that knowledge of said facts was willfully concealed from the petitioner and his attorneys by the People, and that said facts first became known to petitioner on or about September, 1959.

The prayer of the petition is that the court grant the petitioner a hearing pursuant to section 72, vacate the judgment of conviction, and grant petitioner a new trial. The State's motion to strike alleges that the petition to vacate judgment under section 72 of the Civil Practice Act was filed on November 23, 1960, more than two years from the date of judgment, and thereby is barred by subparagraph 3 of section 72; that the People deny that the confession was obtained under a period of illegal detention and that the allegations of the petition pertaining thereto are mere conclusions of law; that the allegations with reference to the police magistrate being a deputy sheriff are matters of public record and that at no time have these records been willfully or fraudulently concealed, and were available for inspection or examination; that said facts are not properly presented under section 72 and they were a matter of record at the time of the trial; that other allegations are argumentative and merely conclusions of law and were properly reviewed by writ of error; that the allegation for willfully concealing facts is not true and that any delay in obtaining information was due to petitioner's own ignorance or neglect.

The amendment granted by the court under section 72 contains allegations substantially the same as the amendment petitioner sought to make to include an alternative prayer for relief under the Post-Conviction Hearing Act. The amendment allowed contained the allegation that petitioner was arrested by virtue of a warrant issued at the request of the sheriff of Fulton County and signed by one Alan Jackson, purportedly as a justice of the peace or police magistrate; that he was taken before the same Alan Jackson on December 1, 1955, for an ostensible preliminary hearing, but prior to the date of the issuance of said purported warrant, the said Alan Jackson had accepted appointment as a deputy sheriff and the hearing therefore was not before a judicial officer and was illegal; that he

was not taken before any legally constituted tribunal until arraignment upon indictment. The amendment also contains the allegation that the illegality of his arrest removed every vestige of legality from the series of events leading up to his conviction and specifically rendered the purported confession involuntary and therefore its admission and use in evidence denied due process of law to the petitioner within the meaning of the constitution of the State of Illinois and the fourteenth amendment of the constitution of the United States.

The court allowed the motion to strike the petition as amended.

The only new matter raised by the present petition is that Jackson, who issued the murder warrant and held the preliminary hearing, was unqualified to act because of his prior appointment as a deputy sheriff.

In our opinion, this new allegation was insufficient to afford a basis for any relief, either under section 72 or the Post-Conviction Hearing Act. A felony had been committed and the arresting officers had reasonable grounds to believe petitioner was guilty of the crime. Under these circumstances an arrest, even without a warrant, would be legal. *People* v. *Hightower,* 20 Ill.2d 361.

The confession was made before the preliminary hearing and the allegation that the magistrate was not legally holding office was immaterial in determining whether the confession was voluntary.

For the reasons set forth herein, the allegations of the petition were immaterial in determining the voluntary nature of petitioner's confession, and therefore were insufficient to require relief under either section 72 or the Post-Conviction Hearing Act. The trial judge correctly dismissed the petition and the judgment is affirmed.

*Judgment affirmed.*