*In re* APPLICATION OF COUNTY TREASURER and EX-OFFICIO COUNTY COL-LECTOR OF COOK COUNTY FOR ORDER OF JUDGMENT AND SALE OF LANDS AND LOTS FOR DELINQUENT TAXES—(CLARENCE J. WALSH, Petitioner.)

(No. 54866);

First District—February 29, 1972.

Clarence J. Walsh, *pro se.*

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Edmund Hatfield, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

In a proceeding under Section 266 of the Revenue Act (Ill. Rev. Stat. 1965, ch. 120, par. 747) the petitioner, Walsh, seeks to obtain a tax deed to certain property which the City of Chicago contends is and has been used as a public alley for 20 years. The trial court dismissed the amended petition for a tax deed and petitioner appeals. He contends that Section 266 contemplates a summary proceeding, and the issue as to whether the property in question was a public alley might have been heard in the original proceedings and cannot be heard now; that the trial court erred in finding the property tax-exempt and in dismissing the petition for a tax deed, as it had no jurisdiction to do so; and finally, he contends that the City failed to assert its claim of exemption from taxes before the proper administrative agency. The facts follow.

The property in question (hereinafter called Lot 1) is approximately 25 x 125 feet in size and is located 144 feet west of the midline of South Albany Avenue on the south side of 40th Street in the City of Chicago. Five improved lots abut Lot 1 on the east, starting at 40th Street, going south. The owners or occupants of these properties are in possession of the easterly seven feet of Lot 1, which is immediately west of their properties. Fence and garage encroachments are on the easterly seven feet. The westerly 18 feet of the lot has the appearance of an unpaved alley and has been used as such by residents of Albany Avenue for approximately the past 20 years. There is a utility pole on the westerly edge of the lot and wires connect it with other utility poles.

Petitioner is the owner by assignment of a certificate of purchase dated July 14, 1966, pursuant to a tax sale under the Scavenger Act (Ill. Rev. Stat. 1965, ch. 120, par. 716a). Judgment and order of sale were entered by the Circuit Court of Cook County on June 6, 1966. On December 19, 1968, petitioner filed an amended petition for a tax deed, setting forth facts in connection with the original sale of the property, a descrption of the property, and an allegation that the west 18 feet of the lot was vacant and unfenced and the east seven feet had fences and garage encroachments thereon. The petition stated that the period of redemption as extended would expire on April 9, 1969.

On April 8, 1969, the City of Chicago redeemed the property by depositing the necessary funds in the County Clerk's office, and on the same day it petitioned the court to dismiss the tax deed proceedings. The City's petition alleged that the property was a public alley and that it had been so used for more than 20 years. It also alleged that there were

poles and wires in the alley accommodating public utilities serving the area. Petitioner was given an opportunity to answer the City's petition and the matter was set for hearing on July 28, 1969. The hearing on the application for a tax deed was also continued to July 28, 1969. Walsh then filed a petition to expunge the redemption and the City filed an answer. On June 25, 1969, an order was entered by the court expunging the redemption and ordering the return of the money the City had on deposit with the County Clerk.

The City's petition to dismiss and petitioner Walsh's application for a tax deed came up for hearing on July 28, 1969, but were continued to December 17, 1969. On that day the court heard the testimony of witnesses for the City with respect to the allegations set forth in the petition. The court thereafter entered an order dismissing the amended petition for a tax deed and directing the Assessor, the County Clerk and the County Treasurer to indicate in their books that the property in question was a public alley. From that order petitioner appeals.

■■ Petitioner Walsh contends that under Section 266 of the Revenue Code (Ill. Rev. Stat. 1965, ch. 120, par. 747) the trial court could only make a summary determination of whether the petitioner complied with the statute, that it could not consider objections which would have been proper in the proceeding for judgment and sale for taxes, and therefore had no jurisdiction to determine that the property was a public alley. Section 266 of the Revenue Code reads in part as follows:

"If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of said order, to issue to the purchaser or his assignee a tax deed."

Under that section it is the duty of the court to determine whether the conditions precedent to the issuance of a tax deed have been performed. *Young v. Madden,* 20 Ill.2d 506, 170 N.E.2d 551.

■■ In the instant proceeding it was necessary for the court to determine the validity of the City's redemption in order to determine whether the period of redemption had expired. In order to examine the propriety of the redemption, the court had to ascertain whether or not the City had title to the property. As the City claimed title by prescription, the court had to hear evidence and decide whether the property

had been used as a public alley as prescribed by statute. The Illinois Highway Code, Section 2—202 (Ill. Rev. Stat. 1965, ch. 121, par. 2—202) defines a public highway as:

"[A]ny public way for vehicular travel which has been laid out in pursuance of any law of this State, * * * or which has been established by dedication, or used by the public as a highway for 15 years * * *."

The court therefore properly determined that the property in question fell within the purview of the statute.

■■ Petitioner next contends that the trial court erred in finding the property tax-exempt. He contends that in order to be tax-exempt, the property must be owned by the municipality and that the City in its answer to the petition to expunge the redemption stated it had no claim of ownership, but that it had an easement in the property as a public alley. The establishment of a public highway by prescription over the lands of another requires proof of the same elements necessary to establish an easement. The City, over objection by petitioner Walsh, introduced evidence that the property had been used as a public highway for a longer period than the statute required and was therefore tax-exempt. (*Stevenson v. Meyer*, 10 Ill.2d 335, 139 N.E.2d 740.) As the City points out, there is no report of proceedings in the record and we must therefore assume that the evidence was adequate.

■■■ The fact that the City in its answer to the petition states that it had no ownership interest in the property must have been intended to mean that it had no title acquired by purchase or condemnation, as distinguished from one acquired by prescription. It is not fatal to the City's claim that the property was a public highway by prescription. Whether ownership is the proper term for land acquired by prescription is of no relevance here. In *Stevenson, supra,* the court ruled that although a complaint to enjoin obstruction of a public highway alleged only a private easement by adverse possession, rather than a public highway by prescription, nevertheless relief would not be denied on grounds of a variance where the complaint alleged facts sufficient to give rise to a right-of-way by prescription and where the proof established adverse and uninterrupted public use for more than the statutory period. The court held that the variance was not material as it did not mislead the adverse party to his prejudice. The situation in the case before us is the same. The variance did not mislead the petitioner to his prejudice and the City's proof established adverse and uninterrupted public use for longer than the statutory period required for the establishment of a public highway.

■■ Petitioner next contends that the trial court erred in dismissing his

petition for a tax deed, as the court had no jurisdiction to decide that the City owned the property as a tax-exempt alley. He contends that the City's petition to dismiss his petition for a tax deed raised matters asserted too long after judgment and sale proceeding, which was a final and conclusive determination that the property was taxable and subject to sale. This, he argues, occurred in 1966, and after the certificate of sale issue, the City did nothing within 30 days, nor did it attack the judgment and order of sale by way of a section 72 proceeding. The City, however, could not be bound by the judgment and order of sale until it was made a party to the proceeding, and there is nothing to indicate that the City was a party prior to the time it filed its petition to dismiss the petition for a tax deed. We therefore hold that the City was not bound by the judgment and did raise the issue of the taxability of the property in apt time.

■■ Petitioner finally contends that the trial court erred in denying his petition for tax deed because the City failed to assert its claim for tax exemption before the proper administrative agency—the Office of the Assessor. Petitioner relies on *City of Mattoon v. Graham*, 386 Ill. 180, 53 N.E.2d 955. That case involved a proceeding brought by a municipality against a County Collector to enjoin the collection of taxes on land owned by the municipality for both the year past and all future years. A portion of the land was used for municipal purposes, but most of it was used for farming. The court did not enjoin tax collection on the entire tract of land for the year past but did enjoin future tax collections on that portion of the land used for municipal purposes. The court pointed out that the City did not object to the assessment of the property for the year past, nor to the taxes levied for that year, and did not file a statement with the assessor that any portion of the land was used for municipal purposes. From that statement by the court, petitioner argues that in the case before us the City of Chicago cannot now claim a tax exemption for the property in question, as it did not seek a tax exemption through the Assessor's Office. That decision is not applicable to the instant case. The Cook County Collector is not here attempting to collect taxes on the property, nor is the City attempting to avoid the collection of taxes on land which it did not disclose to the Assessor was being used for municipal purposes. The property involved has been a public alley for 20 years. It has served the necessary uses generally made of alleys by the adjoining owners, such as a place for poles supporting wires for public utilities and furnishing a variety of needs. It is a public alley without question.

Order affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.