*In re* APPLICATION OF COUNTY TREASURER.—(D.R.G., INC., Petitioner-Appellant, *v.* WEYERHAEUSER MORTGAGE COMPANY, Respondent-Appellee.)

First District (2nd Division)   No. 77-83

Opinion filed February 21, 1978.

Allan L. Blair and David R. Gray, both of Chicago, for appellant.

Howard W. Broecker, of Ehrlich, Bundesen, Broecker & Sproger, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying the application of petitioner, D.R.G., Inc. (hereinafter "DRG"), for a tax deed pursuant to section 266 of the Revenue Act of 1939. Ill. Rev. Stat. 1973, ch. 120, par. 747.

On April 22, 1974, real property owned and occupied by Sam and Yvonne Campbell and located at 11840 South Loomis Street in Chicago, Illinois, was sold to DRG for $924.73, the principal, interest and costs in a tax foreclosure of one installment of special assessments on the property as well as general taxes for 1972.[1] The period of redemption was extended to October 29, 1976. On June 8, 1976, DRG filed a petition for a tax deed as authorized by statute. (Ill. Rev. Stat. 1973, ch. 120, par. 747.) Thereafter, DRG served notice upon Sam and Yvonne Campbell as well as Weyerhaeuser Mortgage Co. (hereinafter "Weyerhaeuser"), the mortgagee of the property in question.

On November 4, 1976, petitioner's application came on for a hearing at which time the matter was continued to December 10, 1976. The Campbell's did not appear at either hearing. On the latter date, Mr. Marvin Miller, an attorney for Weyerhaeuser appeared and requested an additional 30-day period within which to redeem the property. The court did not rule on this belated request. Also on that date, Mr. Joseph Paige of the United States Department of Housing and Urban Development (hereinafter "HUD"), filed an appearance representing that agency.[2]

Petitioner presented the testimony of Ben A. Butkus of HUD. Butkus testified that his office had endeavored to redeem the property in question and caused a check to be transmitted to the office of the Cook County Clerk so as to effect the redemption; but it was declined as not timely. Butkus stated that the check and its envelope were then received from the county clerk's office bearing a time stamp of October 30, 1976, on the back of the envelope, which was the day after the last day of the redemption period. The check was returned to the United States Treasury Department and destroyed.

The matter was continued to December 20, 1976, for further hearing at which time HUD presented evidence seeking to establish that a timely redemption had been made.

[1] The real estate is described by Permanent Real Estate Index No. 25-20-324-027 and Special Assessment Warrant No. 59156.

[2] Petitioner did not serve HUD with notice of the proceedings, however, counsel for HUD stipulated that all notices required by law had been served. No evidence appears of record establishing HUD's interest in the property. Petitioner did not object to the agency's participation in these proceedings before the trial court.

Butkus again testified and related that on October 15, 1976, he was notified that taxes were due on the property in question and, that pursuant to his authorized duties, he approved agency payment for those taxes due and owing on the parcel of real estate located at 11840 South Loomis Street in Chicago, Illinois. Virginia Brown testified that in the course of her employment at HUD she received the aforementioned authorization and that she prepared the necessary requisition for payment and ordered preparation of a check to be dated October 27, 1976. Brown stated that she relied upon an "Estimate of Cost of Redemption" prepared by the office of the Clerk of Cook County. This document was introduced into evidence at trial and has been appended to the record before this court. The document refers to Permanent Real Estate Index No. 25-02-118-055 and makes no reference to the street address of such property. Instead, the estimate bears the caveat that prior to redemption one should "Check The Permanent Real Estate Index Number to be sure this is an Estimate of Redemption for your property." Raymond Sliwa of the United States Treasury Department testified that he processed the aforementioned check voucher on the afternoon of October 27, 1976, and that that evening the mail bag known to contain the redemption payment was delivered to the central post office in Chicago, Illinois, where it was personally handed to postal service personnel.

The administrative coordinator of the Postmaster's office in Chicago, Illinois, testified that an envelope mailed on the evening of October 27, 1976, would, in the normal course of business, be delivered to the concourse level of the County Building in Chicago, Illinois, on October 28 or 29, 1976. The administrative coordinator was unaware of any complications or unusual occurrences which would have delayed mail delivery at the time the redemption payment in the instant case was mailed.

Frank Basilio, a deputy county clerk, testified that the redemption check was received in his office on October 30, 1976, and that the time stamp placed upon the envelope was done in the normal course of business as part of the business records of the county clerk. He further testified that on the Monday following October 30, 1976, he notified a representative of HUD that the check had not been timely filed and that the redemption period had expired. He also stated that all mail is receipted for and opened on the date it is received.

David Gray, president of DRG, testified that he visited the office of the Cook County Clerk on October 29, 1976, the last day of the redemption period, to examine the tax judgment, sale, redemption, and forfeiture record; that he waited until the office closed; and, that no redemption record was noted concerning the property in question prior to the close of business that day.

The trial court ruled that there had been a valid redemption under the provisions of the Illinois mailing statute. (Ill. Rev. Stat. 1973, ch. 131, par. 1.25.) Although convinced that "somewhere along the line, somebody made a mistake," the court was "firmly convinced" that "the attempt was made."

From entry of the order dismissing its application for a tax deed petitioner appeals contending that the evidence failed to establish a sufficient and timely redemption of the property in question.

■■ We note at the outset that courts look with favor upon redemption from tax foreclosure sales and give liberal construction to redemption laws unless injuries result to the purchasers at sale, but redemption is a statutory privilege and must be exercised in substantial compliance with the statute. Ill. Rev. Stat. 1973, ch. 120, par. 734; Ill. Const. 1970, art. IX, §8; *In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 306 N.E.2d 743.

In the instant case, there is no question presented concerning petitioner's compliance with the relevant statutory provisions. The parties stipulated at trial that all notices required under the Revenue Act had been served. Uncontradicted proof of payment of all delinquent taxes and assessments was furnished to the trial court. The only issue concerns the propriety of the trial court's ruling that the real estate had been validly redeemed.

Initially, DRG maintains that the record is devoid of any evidence to establish that an attempt was made to redeem the specific property in question. In support of this contention, DRG correctly notes that a photostatic copy of the Treasury Department check authorized by Ben Butkus refers to Permanent Index No. 25-02-118-055. The parcel of property so described is wholly different than that described as Permanent Index No. 25-20-324-027, the property involved in the instant proceedings. Similarly, the check was for $3,492.80, an amount far in excess of that necessary to redeem the instant property, or that parcel described by the estimate of redemption relied upon by Virginia Brown.

■■ No explanation appears of record with respect to these gross discrepancies. The burden of proof on this point, however, rests squarely upon the party endeavoring to show a valid redemption. (See *Young v. Madden* (1960), 20 Ill. 2d 506, 170 N.E.2d 551; Turano, *Equitable Relief, Collateral Attack and the Illinois Tax Deed,* 51 Chi-Kent L. Rev. 725 (1975).) The decision of the trial court finding a valid redemption had been made is erroneous and must be reversed.

We also note that in finding that a valid redemption had been effect the trial court erroneously interpreted the Illinois mailing statute. (Ill. Rev. Stat. 1973, ch. 131, par. 1.25.) That enactment provides, in pertinent part:

"Unless An Act otherwise specifically provides, any writing of any kind or description required or authorized to be filed with, and any payment of any kind or description required or authorized to be paid to, the State or any political subdivision thereof, by the laws of this State:

＊ ＊ ＊

(2) ＊ ＊ ＊ if received without a cancellation mark or with the cancellation mark illegible or erroneous, shall be deemed filed with or received by the State or political subdivision to which it was required or authorized to be directed on the date it was mailed, but only if the sender establishes by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." (Ill. Rev. Stat. 1973, ch. 131, par. 125.)

In the instant case, neither the front of the envelope bearing the check which had allegedly been prepared to redeem the property at issue, nor a copy thereof, was introduced into evidence. It is uncontroverted that the check and its envelope were returned to the government after the redemption payment was rejected by the county clerk. A photostatic copy of the check was made by the government and the check was destroyed. The government also made a copy of the back of the envelope and this copy was introduced into evidence. The government failed to produce the face of the envelope or a copy thereof which would have revealed it was "＊ ＊ ＊ without a cancellation mark or with the cancellation mark illegible or erroneous ＊ ＊ ＊." At trial, it was revealed that the envelope in question had been lost. Absent such evidence, it cannot be said that the envelope was "received but without a cancellation mark or with the cancellation mark illegible or erroneous." Consequently, the mailing statute was inapplicable.

In view of our disposition of this case we need not address the additional points of error presented by petitioner.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

DOWNING and PERLIN, JJ., concur.