DAN VINAR, Plaintiff-Appellee, v. DAVENPORT PACKING COMPANY, a/k/a Davenport Packing Company, Inc., *et al.*, Defendants-Appellants.

Third District   No. 3—87—0748

Opinion filed August 3, 1988.

Spector, Tappa, Kopp & Nathan, of Rock Island (Herbert M. Spector, of counsel), for appellants.

Braud/Warner, Ltd., of Rock Island (Duane Thompson, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This action was brought by the purchaser of real estate at tax sale to obtain a tax deed. After a duly noticed hearing on the merits, the trial court entered an order directing the county clerk to issue a deed. Upon defendant-appellant Rudolph Lipkowitz' (Lipkowitz') motion to vacate, the trial court entered a modification of its prior order and directed the county clerk to issue a deed upon payment of real estate taxes owing for years subsequent to the year the property was sold for taxes. Defendant appeals from both of these orders. No questions are raised on the pleadings.

Certain commercial real estate belonging to Davenport Packing Company (Davenport Packing) was sold for unpaid taxes levied and assessed for 1983 and previous years. Plaintiff-appellee, Dan Vinar (Vinar), purchased the real estate at tax sale and was duly issued a tax sale certificate of purchase on December 31, 1985.

Davenport Packing is a closely held corporation and defendant-appellant Rudolph Lipkowitz is one of its shareholders.

Under section 253 of the Revenue Act of 1939, the redemption period for commercial real estate is six months. (Ill. Rev. Stat. 1985, ch. 120, par. 734.) On July 2, 1986, plaintiff's attorney filed a first notice of extension of the period of redemption with the county clerk, extending the redemption period of the real estate to December 31, 1986. Section 263 of the Revenue Act allows the tax sale purchaser to extend the period of redemption by filing a written notice with the county clerk where the real estate is located prior to the expiration of two years from the date of sale or thereafter prior to the expiration of any extended period. Ill. Rev. Stat. 1985, ch. 120, par. 744.

Plaintiff next filed a petition for tax deed. Davenport Packing moved to dismiss the petition, challenging the propriety of the purported extension of the redemption period. This motion was denied, but plaintiff subsequently caused his petition to be voluntarily dismissed without prejudice and, thus, no appeal was taken on the denial

of the motion to dismiss. Plaintiff then filed a second notice of extension of the period of redemption on February 9, 1987, purportedly extending the redemption period to August 7, 1987.

On April 29, 1987, plaintiff again filed a petition for tax deed. On August 28, 1987, plaintiff and his attorney appeared at the hearing on the merits of the petition. No other interested person appeared. By order dated September 4, 1987, the trial court found, among other things, that all parties had received proper notice, that the redemption period had expired, and that plaintiff furnished the court, and filed for record, a report of the proceedings, being an affidavit in support of complaint for issuance of a tax foreclosure deed. Therefore, the court ordered the county clerk to make, execute and deliver a deed to plaintiff and also ordered that plaintiff be awarded immediate possession of the premises.

Shortly after the August 28 hearing, plaintiff caused chains and locks to be cut off of the gates on the subject premises and began removing defendant Lipkowitz' personal property from an office he maintained there. On September 4, 1987, Lipkowitz filed a motion to vacate order for issuance of tax deed and a motion for preliminary injunction. By agreement, an injunction was granted pending a hearing on the motion to vacate. At the hearing, Lipkowitz presented documentation stating that real estate taxes on the premises were owing for the years 1984, 1985 and 1986 totaling roughly $87,000 and plaintiff's attorney stipulated that the taxes for those years were unpaid. The trial court thereafter denied the motion to vacate but modified its prior order by order dated October 1, 1987. In the modified order the court found, in part, that: (1) there had been a prior tax proceeding that had involved the same litigants and subject matter and that one of the issues previously litigated was the effect of filing a notice of extension of a redemption period pursuant to statute beyond the statutory redemption period for the subject real estate, and the court therein ruled that the redemption period may be extended notwithstanding the expiration of the prior period of redemption as long as it is done before the expiration of two years; (2) the second notice of extension was filed by plaintiff after the expiration of the first extended period of redemption but prior to the expiration of two years from the date of sale and the reasoning of the court in the prior proceeding was applicable to the instant proceeding and, therefore, the redemption period was properly extended to August 7, 1987; (3) Lipkowitz received proper notice of the proceedings and that failure to receive notice from the circuit clerk by registered mail as provided by statute was not fatal; (4) Lipkowitz presented no evidence to the court as to

why he failed to appear at the original hearing on August 28, 1987; (5) the period of redemption as extended expired on August 7, 1987, without the property being redeemed; (6) there were taxes for years subsequent to the sale which remain due and payable; and (7) that a transcript of the prior default proceedings was not available and no verbatim record was taken, but failure to do so did not preclude that court from directing the clerk to issue a tax deed. Therefore, the court ordered, in part, that defendant's motion to vacate was denied and that the prior order of September 4, 1987, was modified as follows: (1) the clerk shall issue a tax deed to plaintiff upon plaintiff paying all taxes which became due and payable subsequent to the sale; (2) plaintiff shall not have possession of the premises until he has been issued a tax deed; and (3) plaintiff has one year from and after the expiration of the redemption period to record the tax deed or the deed is absolutely null and void.

Lipkowitz raises the following issues on appeal: (1) whether under section 266 of the Revenue Act the petitioner for a tax deed must pay all taxes subsequent to the tax sale before the court can enter an order directing issuance of the tax deed; (2) whether under section 263 of the Revenue Act a notice of extension of redemption period may be given after the expiration of the previously extended period of redemption; and (3) whether under section 266 of the Revenue Act a petitioner for a tax deed must file a report of proceedings with the court before an order directing issuance of a tax deed may issue.

Regarding issue 1, section 266 of the Revenue Act in relevant part states:

> "If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid *** and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his assignee a tax deed. The court shall insist on strict compliance with the provisions of Section 263 of this Act ***." Ill. Rev. Stat. 1985, ch. 120, par. 747.

■ Lipkowitz argues that under section 266, it is the duty of the court to find that real estate taxes for subsequent years are paid before the court may direct the clerk to issue a tax deed. Indeed, Illinois case law states generally that a condition precedent to the issuance of a tax deed is the payment of taxes for subsequent years. (See *Stanley*

*v. Bank of Marion* (1961), 23 Ill. 2d 424, 178 N.E.2d 367; *Young v. Madden* (1960), 20 Ill. 2d 506, 170 N.E.2d 551; *In re Application of County Treasurer and Ex-Officio County Collector* (1972), 4 Ill. App. 3d 243, 280 N.E.2d 761.) Thus, the underlying question is whether the trial court by its modified order of October 1, 1987, properly directed the clerk to issue a tax deed to plaintiff contingent upon the payment of real estate taxes for subsequent years. Although section 266 requires the court to find that subsequent taxes have been paid, the court's order that the taxes must be paid prior to the issuance of a tax deed by the county clerk substantially complies with the ultimate purpose of the statute. Moreover, the trial court's order that plaintiff's tax deed must be recorded within one year from and after expiration of the redemption period pursuant to section 271 (Ill. Rev. Stat. 1985, ch. 120, par. 752) further insures that title to the property will not be encumbered by this proceeding for longer than is contemplated by statute.

Additionally, section 266 mandates only that the court "insist on strict compliance with the provisions of Section 263 of this Act." (Ill. Rev. Stat. 1985, ch. 120, par. 747.) Therefore, by implication, strict compliance is not necessarily required for other provisions of the Act.

In no way do we intend to set the precedent that trial courts may make these types of contingent orders in future cases. Here, however, Lipkowitz failed to appear at the original proceeding and presented no evidence to the court as to why he failed to appear after receiving proper and sufficient notice. Although Lipkowitz' failure to appear at the prior proceeding does not lessen the trial court's duty under the statute to require that all conditions precedent to issuance of a tax deed have been met, we nonetheless believe it justifies our less than strict adherence to the provisions of section 266 in this particular instance. Similarly, a motion to vacate may not have been necessary had Lipkowitz appeared at the first hearing. Allowing parties to completely ignore statutory provisions concerning notice and then later file motions to vacate without showing any reason whatsoever for their absence at prior proceedings impacts on the integrity of the legislature and the court system.

■ As to issue 2, we consider plaintiff's notice of extension given after expiration of a previously extended redemption period proper under section 263 of the Revenue Act. Section 263 states in relevant part:

> "The purchaser or assignee of any purchaser of real estate sold for non-payment of general taxes or special assessments may extend the period of redemption for the real estate before

the expiration of 2 years from the date of sale or thereafter prior to the expiration of any extended period of redemption for a period which will expire not later than 4 years from the date of sale of farmland and 3 years from the date of sale of all other real property *** by filing with the county clerk of the county in which the real estate is located a written notice to that effect describing the real estate, stating the date of the sale and specifying the extended period of redemption." Ill. Rev. Stat. 1985, ch. 120, par. 744.

Lipkowitz' principal argument is twofold. First, he argues that the trial court was not bound to follow the decision of the trial court in the previously dismissed case and, second, that plaintiff failed to properly extend the redemption period in that the second notice of extension was filed after expiration of the extended redemption period.

We do not believe that the trial court's modified order implies that it is bound by the prior decision in a previously dismissed case. Instead, the trial court's finding states only that the same reasoning that applied to the circumstances regarding plaintiff's first notice of extension in the prior proceeding applies to plaintiff's second notice of extension and thus the court's holding is applicable to this action. We agree, however, that the circumstances of this second notice are not exactly similar to the circumstances surrounding the first notice. Here there is the additional question of whether plaintiff untimely filed the second notice of extension because the first extended redemption period had expired. Regardless, we believe the trial court correctly ruled that the second notice of extension properly extended the period of redemption to August 7, 1987, because the language of section 263 specifically states that extensions may be filed before the expiration of two years from the date of sale. The tax sale date was December 31, 1985, and the second notice of extension was filed February 9, 1987, well within the two-year period. Lipkowitz argues, however, that since the period of redemption had already been extended, any further extensions may be effected only by filing the second notice within the extended period regardless of whether two years have elapsed; moreover, that since the redemption period for commercial real estate is six months under section 253 of the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, par. 734), the two-year limit for extending the period of redemption should not apply. We do not necessarily disagree with the logic behind defendants' argument, but cannot accept it based on the clear language contained within section 263. Section 263 makes no distinction between the types of real estate subject to the two-year period for filing extension notices. Further, the statute

clearly states that notices of extension must be filed prior to two years from the date of sale and thereafter prior to the expiration of any extended period. Since the two-year period had not elapsed, the second notice of extension was timely filed although it was filed after expiration of the first extended period. To rule otherwise would be changing the law as enacted by the legislature, not merely less than strict adherence to its provisions.

■ Concerning issue 3, defendant argues that section 266 requires a report of proceedings to be filed with the court of the hearing on plaintiff's petition for deed. We note, however, that the hearing on the petition for deed was, in essence, a default hearing and therefore no testimony was taken. In fact, the petition was initially allowed based primarily upon an affidavit submitted by plaintiff. Lipkowitz argues that the affidavit concerned only the issuance of notice. Nonetheless, our supreme court has stated:

"It is clear that the statute contemplates a summary judicial determination of compliance with the statute, permitting interested persons to be heard in opposition to the petition." *Young v. Madden*, 20 Ill. 2d at 511, 170 N.E.2d at 554.

Since no interested person appeared in opposition to the petition at the initial hearing, the trial court was justified in directing the order based on the affidavit and the allegations of the complaint. Therefore, we find no merit in reversing the trial court on the basis that no report of proceedings, except the affidavit, was filed.

For all of the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.